Nov. Term, 1821.

ALLEN
v.
WOOLEY.

---

## ALLEN and Another, Assignees of Noble, *v.* WOOLEY and Another.

The lessee for a year of a fulling mill with carding and shearing machines, covenanted in the lease to pay 300 dollars rent; to repair the mill, machines, and dam, deducting the expense out of the rent; and to deliver the same to the lessor in good repair at the end of the term. The lessor covenanted in the lease, that, after the repairing of the dam, he would keep it in repair; and that the lessee should quietly enjoy the premises: *Held*, that the assignment of the lease by the lessor, on the day of its date, did not authorize the assignee, in his own name, to sue the lessee for a breach of the covenants.

*Friday,*
*November 16.*

ERROR to the *Franklin* Circuit Court.—Covenant by the assignees of a lessor against the lessees. The declaration states that *Noble*, by deed, leased to the defendants a fulling mill, with carding and shearing machines, for a year; and covenanted to keep the milldam in repair, after it should be repaired as provided in the lease, and for the quiet enjoyment of the premises by the lessees: that the defendants covenanted in the same deed to pay 300 dollars rent in quarterly payments; to put the mill, machines, and dam, in good repair, deducting the expense out of the rent; and, at the end of the term, to deliver up the mill house, and machines, with the instruments belonging to

them, to the lessor, in good repair: that the defendants accordingly took possession of the property; and that the lessor assigned the lease, on the day of its date, to the plaintiffs. Breach, that though the lessor and the plaintiffs had performed their part, the lessees had broken theirs in this, viz. they had not paid the rent, deducting the value of repairs; nor had they made any repairs; nor delivered up the mill house, machines, &c. in good repair, at the end of the term, to the lessor or to the plaintiffs; but on the contrary, they had taken from one of the machines a set of cards worth 200 dollars, and converted them to their own use. Damage 4000 dollars.

General demurrer to the declaration, and judgment for the defendants.

Scott, J.—Supposing that *Noble* intended, by the assignment of the indenture, to grant to the plaintiffs the interest resulting to him by virtue of his agreement with the defendants, it becomes a question whether any thing could pass by such assignment. Our act of assembly, making notes and bonds assignable, is unusually broad; and by giving it as large and liberal a construction as the words would bear, it would probably comprehend some obligations and other instruments, never contemplated by the framers of the statute (1). But notwithstanding the extent of the provisions, and the latitude of expression made use of, in that statute, it cannot by a fair construction be made to apply to the indenture under consideration. The counsel for the plaintiffs seem to have been aware of this objection. In the argument, the assignment was not supported by the authority of the statute: but much reliance was placed on the circumstance of covenants real running with the land; and, on this principle, the legality of the assignment was insisted on. The principle here contended for will not be denied; but its application to the case under consideration is clearly inadmissible. As soon as the defendants had entered into possession under a lease from *Noble*, each party had a transferable estate: the defendants had a term which they could assign; and *Noble* had a reversion which he could grant away. But while the defendants continued to hold the term, and *Noble* to hold the reversion, there was no transfer of the land to carry the covenants. The reason why covenants real run with the land, is, because they are, in contemplation of law, attached to the land, and remain with it. Had *Noble*, in this case, granted the reversion without reserve, the cove-

nants would have passed with the land to the grantee; but the covenants could not pass with the land, unless the land also passed to carry the covenants with it.

*Per Curiam.*—The judgment is affirmed, with costs.

*Test,* for the plaintiffs.

*Caswell,* for the defendants.

(1) Stat. 1817, p. 232.—Acc. Stat. 1823, p. 329. In *Kentucky,* where, by statute, bonds and notes for money or property are assignable, an obligation to pay money and do other acts which are neither the payment of money nor property, is held not to be assignable. The Court say that they cannot suppose the legislature intended, without explicit words, to communicate to an instrument, containing perhaps fifty stipulations for the performance of other duties, a negotiable quality, because there was one engagement to pay money, or any species of property., *Force's* adm'r v. *Thomason,* 2 Litt. 166. So where the obligation was, to lay out part of a sum of money received from *B.,* in purchasing materials for three pumps, and to discharge the balance by the construction of the pumps, which the defendant was to make for *B.*; it was held that B.'s assignee could not sue, on the ground that a bond for the performance of personal duties is not assignable. *Halbert* v. *Deering,* 4 Litt. 9.

If the covenant be only for the payment of rent, debt lies by an assignee of the rent. Thus, in debt for rent, the declaration stated that by an indenture dated, &c., between *F.* and the defendant, the former demised to the defendant certain premises for 14 years, at the yearly rent of 100*l.*; that the defendant covenanted to pay the rent; that *F.* afterwards by indenture assigned to the plaintiff the rent reserved by the lease, the counterpart of the lease, and the benefit of the covenants for payment of the rent therein contained, for the remainder of the term; that afterwards, to wit, on &c., 50*l.* for a half year's rent became due, and was still unpaid, &c. Demurrer and joinder. The objection was, that the assignee of the rent could not bring debt for it, inasmuch as there was no privity between him and the tenant. But the Court, upon the authority of *Robins* v. *Cox,* 1 Lev. 22, gave judgment for the plaintiff. *Allen* v. *Bryan,* 5 Barn. & Cress. 512.