## WAMBAUGH v. BIMER.

RESCISSION OF CONTRACT.—FRAUD.—Suit to rescind a contract for the ex-
change of lands, on the ground of fraud in the representations made as
to the quality and situation of the land. The complaint alleged that the
plaintiff was fraudulently induced to sign a contract stipulating that in
case there should be any failure as to the amount of timber or prairie on
the land, the cost of the land at the government sale should constitute the
measure of damages; that the defendant represented that the cost of the
land was $1 25 per acre, when, in fact, it was but twelve and one-half
cents per acre; that the land was a barren and rocky ridge, and no part
of it was timber or prairie land.

Held, that the facts alleged entitled the plaintiff to a rescission of the
contract.

Held, also, that while it was competent for the parties to fix the rule of
damages, that rule will not be allowed to prevail where it appears that
the whole contract was procured by fraud.

APPEAL from the *Decatur* Circuit Court.

RAY, J.—Action to set aside a deed to land, procured
from the appellant through the fraud of the appellee.

The complaint charges that an exchange of lands was
brought about by the false and fraudulent representations
of *Bimer*, as to the situation, quality, quantity, description
and cost price of certain lands situated in the State of *Mis-
souri*, and which were owned by and were well known to
the appellee. It is also charged that, to avoid the conse-
quences of such false representations, the appellant was
fraudulently induced to sign a contract by which it was
stipulated that if there should be any failure as to the
quantity of timber or prairie land, the cost of said land
from the government was to be the liquidated damages
therefor; that the cost of said land was stated to have been
$1 25 per acre, but, in truth, it was purchased from the
government at the price of twelve and one-half cents per acre,
and was neither wood land or prairie, but a ridge of rocks,
entirely worthless. A deed was tendered by the appellant,
reconveying the land upon discovery of the fraud, and a

rescission of the contract and reconveyance of the land conveyed by the appellant was demanded. A demurrer was sustained to the complaint.

This was error. The facts stated in the complaint entitled the appellant to a rescission of the contract. If the "failure as to the quantity of timber or prairie land" where, as in this case, it proved total, could be regarded as covered by the contract fixing the measure of damages, still it could avail the appellee nothing under the averment that the contract was procured by fraud. A party may seek to guard and protect himself with stipulations, and may provide for the rule of damages in the event the land does not correspond with his representations, and yet, if upon examination it appear that his entire contract is but a succession of frauds, and all its stipulations artfully designed to protect him from the legal consequences of his fraud, the court will reach through the disguise designed to conceal him, remove the shield intended to protect him, and require him to respond in damages for the injury his fraudulent conduct has occasioned. A party cannot contract against liability for the consequences of his fraud.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to overrule the demurrer to the complaint.

*B. W. Wilson*, for appellant.

*J. Gavin* and *O. B. Hord*, for appellee.