The Indianapolis Natural Gas Company et al. *v.*
Spaugh et al.

[No. 2,115.   Filed April 6, 1897.   Rehearing denied June 2,'1897.]

LANDLORD AND TENANT.—*Gas Lease.*—*Indefiniteness of Description.*—
*Complaint.*—In an action to recover upon a covenant of a gas lease
for the payment of a specified sum annually for failure to drill a well
within the time specified, where the complaint describes the land as
eighty acres of a certain tract, "reserving sixty acres around the
buildings on said premises." the boundaries to be designated by the
"party of the first part," the indefiniteness of the description does
not defeat the action where it is further alleged that the lessor was
ready at all times to locate the boundaries.   *pp. 684-687.*
PLEADING.—*Joint Cause of Action.*—*Complaint.*—A complaint which
fails to state a joint cause of action in favor of all plaintiffs who
join therein, is bad on demurrer for sufficient facts.   *pp. 687, 688.*
SAME.— *Complaint.*— *Theory.*—A complaint must proceed upon a
a definite theory, and upon that theory it must state facts sufficient
to constitute a cause of action in favor of all parties who join as
plaintiffs.   *p. 688.*
SAME.—*Action on Lease.*—*Complaint.*—Where two parties join as
plaintiffs in an action against the lessor to recover upon the cove-
nant of a lease which, by its terms, runs only to one of the parties,
a complaint which fails to aver what interest the other had in
the subject-matter of the suit, except her signature to the lease,
is demurrable for failure to state a joint cause of action in favor of
both plaintiffs.   *pp. 688, 689.*

From the Tipton Circuit Court.   *Reversed.*

*F. E. Gavin, C. F. Coffin, T. P. Davis, T. J. Kane*
and *R. K. Kane,* for appellants.

*George Shirts, I. A. Kilbourne* and *A. F. Kilbourne,*
for appellees.

ROBINSON, J.—The question involved in this appeal
is the sufficiency of appellees' complaint.

The complaint alleges that on the 3d day of May,

1887, appellees "rented and leased their farm containing 80 acres, more or less, situated in Hamilton county, Indiana, bounded on the north by the lands of Ellis Roberts, on the east by the lands of A. Harvey, on the south by the lands of A. Harvey, on the west by the lands of F. Inman, to the firm of J. M. Guffy & Co.;" by the terms of the lease which was for five years, it was provided, among other things, that if gas was obtained in sufficient quantities to utilize, the consideration should be $100.00 for each well drilled on the land, payable within sixty days after the completion of the well, and thereafter yearly in advance; that operations should begin within three months, and one well completed within six months from the date of the lease or agreement; and on failure to complete one well within such time, plaintiffs were to receive for such delay the sum of $100.00 per annum, thereafter, until such well should be completed; that, though often requested, defendants had never commenced or completed any well on said premises, but had failed and refused to comply with the contract. The complaint shows proper assignments of the lease from the lessee to the appellant, the Indianapolis Natural Gas Company; that no part of the sums of money agreed to be paid had ever been paid; that plaintiffs were, at all times, ready and willing and offered to locate all boundary lines and wells, but defendant would not consent, and refused to allow the same to be done, and judgment is asked for one thousand dollars.

A demurrer for want of facts was overruled and judgment rendered in appellees' favor for one thousand dollars.

The complaint is assailed on the ground that the real estate mentioned is insufficiently described, that it is not shown that appellees complied with the terms

of the lease before bringing suit, and that no cause of action is stated in favor of Parnitha E. Spaugh, who is joined as a party plaintiff.

The lease is filed with and made a part of the complaint. The description of the real estate in the lease is "all that tract of land situated in Washington township, Hamilton county, and State of Indiana, bounded and described as follows, to-wit: On the north by land of Ellis Roberts, on the east by lands of A. Harvey, on the south by lands of A. Harvey, on the west by lands of F. Inman, containing 80 acres, more or less, excepting and reserving therefrom sixty (60) acres around the buildings on said premises, upon which there shall be no wells drilled by either parties, the boundaries of which shall be designated and fixed by the party of the first part."

It is evident the parties intended the lease to include twenty acres of land.

In *Whittelsey* v. *Beall*, 5 Blackf. 143, suit was brought to foreclose a mortgage upon real estate described as "that certain tract or parcel of land containing 300 acres, lying and being in the county of Knox and State of Indiana, about four miles northeast of Vincennes, and adjoining lands of David M'Cord and others, being the same tract of land that was conveyed to said Isaac N. Whittelsey by Benjamin Tomlinson and John Ross, on the 25th day of May, 1837." The objection was urged that the description of the land was too indefinite to authorize a decree ordering its sale.. The court said: "We think the objection well taken. We do not mean to say that the description is so vague as to make the deed inoperative. It may be sufficient to convey the land. That point, however, is not before us. But we think the bill is defective in not so describing the land, that the officer of the court may

know on what premises to enter to execute the order of the court."

In *Swatts* v. *Bowen*, 141 Ind. 322, a mortgage was sought to be foreclosed upon the following land: "All that certain tract or parcel of land adjoining the lands of John Summerville on the east, Peter Speece on the south, and Hiram Allen on the north, being a portion of the north end of the upper half of the lower half of the upper section of Conner's reservation, said to contain one hundred and fourteen acres, more or less." The court held that this description, if embodied in the decree, would not be sufficient to enable the sheriff, by the aid of a surveyor, to locate the land mortgaged. Were the case at bar a suit asking a decree of the court to enforce a lien against the real estate described, the description, upon the authority of the above cases, might be insufficient.

The description contained in the lease must control, and there are no averments in the complaint that in any way aid the description. But conceding for the purpose of the argument that the description is bad, the lease contains enough within itself to make the description sufficiently certain for the purposes of the lease. If all the terms of the contract had been complied with, it could not have failed of execution by reason of the imperfect description, because the lessor agreed to locate the boundaries of the land attempted to be described.

It is argued that the agreement to locate the boundaries is a condition precedent which the complaint fails to show was performed before suit was brought. It is true, the lessor could have located the boundaries at any time, but it was unnecessary to do so until the lessee was ready to begin operations under the lease. The lessor was not only to locate the boundaries of the land, but was also to locate the wells. After the

lease was executed, if the lessee should conclude not to sink any wells the location of the exact boundaries would be unnecessary. But even if it were conceded that this requirement is strictly a condition precedent, a point we do not decide, still the complaint avers that the lessor was ready and willing at all times to locate the boundaries, but that appellants prevented it, and refused to permit the same to be done. No one could complain that the boundaries were not located except appellants, and if they prevented such location, they cannot now say that appellee is in default. The complaint shows a sufficient excuse for not complying with that provision of the lease.

It is argued that the complaint fails to state a joint cause of action in the appellees, John E. Spaugh and Parnitha E. Spaugh. Appellees both signed the lease, although it was an agreement made with John E. Spaugh, alone. The lease reads: "This lease, made this 3d day of May, 1887, by and between John E. Spaugh, of the county of Hamilton, and State of Indiana, of the first part, and J. M. Guffy & Co., of Pittsburg, Pennsylvania, of the second part, witnesseth," etc.

This is a suit on a contract, and counts on one of the covenants contained in the lease. The lease was properly filed with and made a part of the complaint. The particular covenant in the lease upon which recovery is sought is that where it is agreed that the lessee will complete one well within six months from the date of the lease, and on failure to complete a well within that time the lessee agrees to pay to "the party of the first part," John E. Spaugh, for such delay one hundred dollars per annum within three months after the time for completing such well.

The rule is well settled that where several plaintiffs join and the complaint fails to state a joint cause of

action in favor of all it is bad on demurrer for want of sufficient facts. *Swales* v. *Grubbs,* 6 Ind. App. 477; *Brumfield* v. *Drook,* 101 Ind. 190; *Nave* v. *Hadley,* 74 Ind. 155.

In the case of *Holzman* v. *Hibben,* 100 Ind. 338, the complaint averred that one member of the late firm of plaintiffs, since the commencement of the suit, had died, and by leave of the court the complaint had been amended by the substitution of his widow's name in the place of that of the deceased, averring that deceased had willed all his interest in the partnership accounts to such widow, and that all the partnership debts were paid. There was no allegation in the comlaint that there was no administration with the will annexed, or no executor upon the estate of the deceased partner, or that there were no debts against his estate so as to authorize the widow to sue, and it was held there was no cause of action shown in the widow.

A complaint must proceed upon some definite theory, and upon that theory it must state facts sufficient to constitute a cause of action in favor of all parties who join as plaintiffs. *Brown* v. *Critchell,* 110 Ind. 31; *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13; *Peters* v. *Guthrie,* 119 Ind. 44;

The appellees join as plaintiffs, and the complaint proceeds upon the theory that they have a joint interest in the cause of action, but there is no averment showing what interest Parnitha E. Spaugh has in the subject-matter of the suit, and nothing showing her connection with the subject-matter of the suit, except her signature to the lease, and that she and her co-plaintiff leased to appellant's assignor their farm. There is nothing in the pleading to indicate what relationship, if any, the appellees have to each other. While she signed the agreement yet it does not appear that by its terms she was to do or to receive anything.

She is an entire stranger to the lease or agreement, except her signature at the close. The complaint shows that she has an interest in the real estate mentioned in the lease, but it does not show what that interest is. From the allegations in the complaint this court would presume that appellees own the real estate as tenants in common. But it does not, then, necessarily follow that she has a joint interest in the cause of action. The judgment sought and rendered is in favor of both appellees and to entitle them to such a judgment a joint cause of action must be shown in favor of both. This the complaint fails to do. The demurrer should have been sustained.

Judgment reversed.