## Kokomo Natural Gas and Oil Company *v.* Albright et ux.

[No. 2,223. Filed September 16, 1897.]

Natural Gas.—*Lease.*—*Complaint.*—A gas company made a contract with the owners of certain real estate, by the terms of which the company was to have the exclusive right to drill for gas upon a plot of ground to be mutually agreed upon by the parties, in consideration whereof the company agreed to pay an annual rental of $200.00, one-half to be paid in cash, annually in advance, the other half was to be paid by furnishing gas for four residences. The cash and gas payments were to be paid annually, whether a gas well were drilled or not. The contract was for five years. The company failing to drill a well, paid the rental in full for two years, but for two years thereafter refused to make payment thereof. *Held,* in an action by the owners of the real estate to collect the rent due, that it was not necessary to set out in the complaint that the plaintiffs offered to agree upon and fix the location of a well, or that a specific demand had been made for the rent due. It was sufficient if the complaint alleged that plaintiffs had been ready and willing at all times to agree with the defendant upon the location of a well, and that the defendant had not paid the rent, though often requested so to do.

From the Clinton Circuit Court. *Affirmed.*

*Milton Bell* and *W. C. Purdum,* for appellant.

*J. F. Morrison, T. C. McReynolds, J. F. Elliott* and *W. C. Overton,* for appellees.

BLACK, J.—The appellees, John Albright and Anna E. Albright, his wife, sued the appellant upon a contract, by the terms of which the appellees agreed with the appellant, on the 6th of June, 1890, that said company might have the exclusive right to drill and operate a well or wells for water, oil, or natural gas upon a plat of ground to be mutually agreed upon, twenty feet square, upon certain described land in Howard county, together with the further exclusive right to lay pipe lines over the same or along the highways adjacent thereto, and construct telegraph and telephone lines when the same might be necessary in the transaction of the business of said company, and to remove all its machinery and fixtures. The appellant agreed that it would furnish, free of charge, during the continuance of the contract, natural gas for lighting and heating four residences, to be delivered at the nearest practicable point on the company's mains in use or at its wells, as long as gas should be there obtained in paying quantities for piping, according to the judgment of the appellant, and to pay at the rate of $200.00 per year on each well completed. It was further agreed that, until the appellant should complete a well on the premises described, it would pay the appellees yearly in advance on demand at the office of the company, in the city of Kokomo, a rental of ———— dollars on said premises, and that a failure to pay said rental should render the contract null and void; that if oil or water should be procured, the appellees were to have one-eighth of the oil product at the well, and all the water except as should be necessary for the company's use on the place; that the com-

pany would further pay all damages done by it to timber, crops, or improvements. It was provided that the contract should be in force for the term of five years, and that the company should have the right at the expiration of said time, at its option, to continue the same for three additional successive terms on the same conditions, said option to be exercised by the company at the end of each term. The appellees were to have the right at any time to drill a well for their own use. It was further provided as follows: "*Said parties hereby agree that the gas furnished shall be an equivalent of one hundred dollars in cash annually, and shall be so applied towards the payment of above well rental, and that the balance of one hundred dollars shall be paid annually in advance in cash, beginning with the 1st day of September, 1890, whether a gas well is drilled or not. The gas payment above named begins with this date. It is further agreed that Amos Hammill's residence in Kokomo, Indiana, shall be one of the four named, and that Anna E. Albright shall receive one-half the annual cash rental paid.* All payments under this contract to be made upon demand and without relief from valuation or appraisement laws."

In the appellant's brief a copy of the contract, exhibited with the complaint, is inserted (to the correctness of which the appellees assent), from which it appears that a printed blank was used, and that the provisions above mentioned were in printing, except the amount of rental, the duration of the term, and the portion in italics above quoted, which parts were in writing.

It was alleged in the complaint that in pursuance of this contract, the appellant, immediately after its execution, entered upon said premises and put in and constructed its pipe lines, in, upon, and over said premises, and had ever since maintained the same

thereon, and paid the appellees "the annual rentals due thereon annually, and the installments due and payable on the 1st day of September, 1890, 1891, by paying plaintiffs $100.00, each installment, in cash, and furnishing gas according to the terms of said contract for four residences, as in said contract described, up to and until the 1st day of September, 1893, at which time said cash installment was due and payable for the year commencing with the 1st day of September, 1893; that on said date, and ever since, the defendant has failed and refused to pay said installments maturing on the first days of September, 1893 and 1894, or to furnish gas for said residences, as provided for in said lease, though plaintiffs often requested it so to do." It was also alleged that the appellant had never drilled a well for gas, oil, or water upon said premises, nor had it notified the appellees at any time that it was ready to agree upon and fix a location with the appellees for such well, though the appellees had been at all times in readiness, and were then ready and willing to join the appellant in the selection of a location for such well upon said premises, in accordance with the terms of said contract. The appellees, by their complaint, sought the recovery of the amount of two annual installments of rent falling due September 1, 1893 and 1894, which sums were alleged to be due and wholly unpaid.

A demurrer to the complaint for want of sufficient facts was overruled. The appellant answered in seven paragraphs, the first being a general denial, and the second an answer of payment. In the third paragraph, by way of partial answer and by way of set off, the appellant alleged that it furnished and delivered to the appellees at their request before the commencement of the action, natural gas for fuel and lights for four residences in Center township, Howard county,

Indiana, from the 1st day of September, 1893, to the — day of October, 1894, at and for the agreed price of $100.00 per year, or $8.33 per month, which was due and unpaid. A demurrer to each of the other paragraphs of answer was sustained.

The cause having progressed thus far in the Howard Circuit Court, the venue was changed to the Clinton Circuit Court, where, upon trial by the court, there was a finding for the appellees in the sum of $298.00. A motion of the appellant for a new trial having been overruled, judgment was rendered upon the finding.

There is some contention as to the sufficiency of the complaint. Counsel for appellant suggest that there should have been averments that gas was obtained, or could have been obtained, on the premises described in the contract, in paying quantities for piping; that the appellees offered to agree upon and fix a location with the appellant for the drilling of a well; that they demanded of the appellant the drilling of a well; and that they demanded of the appellant the unpaid gas rent.

There is some want of consistency in the provisions of the contract, the portions in writing modifying to some extent the preceding portions in print. The obligation of the appellant to pay rent was to exist whether a well was drilled upon the premises or not. By one portion of the terms of the contract the appellant agreed to pay at the rate of $200.00 per year on each well completed, and also to furnish free of charge during the continuance of the contract, natural gas for four residences, to be delivered at, etc., "as long as gas is there obtained," etc. In a subsequent part of the instrument it was agreed that the gas furnished should be an equivalent of $100.00 in cash annually, and should be so applied towards the payment of the "above well rental," and that the balance of $100.00

should be paid annually in advance in cash, beginning at a date specified, whether a gas well were drilled or not, and that "the gas payment above named begins with this date."

It appears from the complaint that the parties acted in accordance with these latter provisions of the contract, the appellant furnishing gas, not free of charge in addition to the rent of $200.00, but as part payment to the extent of $100.00 a year, and paying the balance of $100.00 a year in cash, although no gas well was drilled upon the premises described in the contract.

The appellant acquired and enjoyed under the contract certain exclusive rights set forth in the instrument. The appellees were deprived of the privilege of conferring such rights upon others during the term for which the rights were granted to the appellant. It was to pay the amount stipulated whether it drilled a gas well or not. The special provision relating to the furnishing of gas free of charge did not limit the delivery of the gas to a period during which it should be obtained in paying quantities on the land of the appellees; and if the appellant would have been relieved of the obligation to continue to furnish gas by reason of its failure to obtain it in paying quantities for piping, according to the judgment of the company, and if such failure would diminish the demand of the appellees in this action, it would seem to devolve upon the appellant to show that gas could not be so obtained, rather than that the appellees should be required to show the contrary. Under the contract as a whole, the gas was to be furnished in part payment of the $200.00 per year, and as an equivalent of $100.00 in cash annually, and the sum of $100.00 as the balance, was to be paid in cash, whether a gas well were drilled or not.

Kokomo Natural Gas and Oil Company *v.* Albright *et ux.*

The appellant was not bound to drill a gas well. It had the right to do so. It was enough for the appellees to be ready and willing to agree with the appellant upon a place, and to wait for notice from the appellant that it was ready to locate the well.

The time when the furnishing of gas was to commence and the term during which it was to continue were specified in the contract, and it was alleged in the complaint that the gas was furnished according to the contract until a certain date, and that the company then and ever since has failed and refused to furnish the gas as provided in the contract, though the appellees often requested it to do so. No other averment of demand was necessary.

The paragraphs of answer to which the demurrer was sustained are quite lengthy, and no useful purpose could be subserved by setting out their averments. They violate the principles of good pleading by seeking to vary the contract by averring the intentions and understanding of the parties and various other extraneous matters.

The contract did not contain any covenant that natural gas could be found on the premises, and if the finding of such gas in paying quantities was the chief object of the appellant in entering into the contract, it manifestly assumed the chance of a failure to find it and of its nonexistence there. If the appellant desired that the development of the fact that gas could not be obtained in paying quantity upon the land in question, or in its neighborhood, should terminate its obligation under the contract, it should have caused something to that effect to be inserted in the contract. It does not appear from the answers that the appellant did not receive what it was to have by the terms of the contract. The reasonable aids to which courts may resort in the construction of contracts do not ex-

tend to the importation of provisions such as will amount to the substitution of a contract different from that made by the parties.

It is contended that the amount of the recovery ($298.00) was too large. It appeared in evidence that the appellant had not paid the cash installment of $100.00 for the years commencing September 1, 1893 and 1894. It also appeared that it had not furnished any gas after October 4, 1894. Allowing the appellees $200.00, with interest from the dates at which the cash installments were due, the amount of the recovery was not too large, if the appellees were entitled, as we think they were, to recover for the failure to furnish gas, at the rate of $100.00 per year.

The judgment is affirmed.