INDIANAPOLIS NATURAL GAS COMPANY ET AL. *v.*
PIERCE.

[No. 2,958.   Filed Jan. 31, 1900.   Rehearing denied June 20, 1900.]

LANDLORD AND TENANT.—*Lease.—Assignment.—Action by Assignee.
—Parties.*—Where the assignment of a lease was in writing indorsed thereon, the assignor is not a necessary party in action by the assignee for breach, although the original lease is lost. *pp. 117, 118.*

SAME.—*Assignment of Expired Gas and Oil Lease.—Action by Assignee.—Damages.*—The assignment of an expired gas and oil lease carries with it the right of action on such lease for damages stipulated for failure of lessee to drill well.  *pp. 117, 118.*

APPEAL.—*Assignment of Errors.*—The correctness of facts found by the trial court is admitted by an assignment of error "that the court erred in its conclusions of law." *pp. 119, 120.*

LANDLORD AND TENANT.—*Gas and Oil Lease.—Uncertainty of Description.—Evidence.*—In an action to recover upon a covenant of a gas and oil lease for the payment of a specified sum annually upon failure to drill wells, it was not error to admit in evidence the lease on the ground of uncertainty of description, where the land was described as thirty acres of a certain tract "excepting and reserving therefrom twenty acres, more or less, around the buildings, the boundaries of which shall be designated and fixed," and the lessor had designated such boundaries to the lessee's agent at the time the lease was executed. *pp. 119, 120.*

SAME.—*Lease.—Assignment.*—An expired gas and oil lease, on which there is a stipulated sum due as damages for breach, is a mere chose in action, and not an interest in the land, and an assignment thereof need not be under seal.  *pp. 122, 123.*

From the Hamilton Circuit Court.  *Affirmed.*

*T. J. Kane, R. K. Kane* and *T. E. Kane,* for appellants.
*A. F. Shirts, L. S. Baldwin* and *Geo. Shirts* for appellee.

COMSTOCK, J.—Appellee brought this action on a gas lease executed by Isaac B. Anderson and Mary J. Anderson to J. M. Guffy & Co., assigned by said Anderson to appellee and assigned by Guffy & Co. to the Indianapolis Natural Gas Company, and by that gas company to the Indianapolis Gas Company.  The cause was put at issue, a special finding

of facts made by the court upon proper request, on which judgment was rendered in favor of appellee for $750.

The errors separately assigned by appellants, the Indianapolis Natural Gas Company and the Indianapolis Gas Company, are: (1) That the court erred in overruling the separate demurrers filed respectively by said appellants to the complaint; (2) in its conclusions of law on the facts found; (3) in overruling the motion for a new trial by each of the appellants. The following is a statement of the facts: On the 3rd of May, 1887, I. B. Anderson and Jennie Anderson executed a lease for five years to J. M. Guffy and Company, granting to said Guffy and Company the right to operate, store and transport petroleum oil or gas over and "from all that certain tract of land situated in Washington township, Hamilton county and State of Indiana, bounded and described as follows, to wit: On the north side by the lands of J. Mendenhall, on the east by the lands of S. M. Smith, on the west by the lands of William G. Pierce, on the south by the lands of S. M. Smith, containing thirty acres more or less, excepting and reserving therefrom twenty acres more or less, around the buildings, on said premises upon which there shall be no wells drilled by either parties, the boundaries of which shall be designated and fixed by the party of the first part," reserving therefor the one-eighth part of all oil discovered, and in case gas only was discovered $100 for each well drilled, and in case no well was drilled $100 per annum was to be paid; Guffy and Company assigned said lease to the Indianapolis Natural Gas Company who assigned the same to the Union Trust Company of New York and Lafayette Perkins of Indianapolis, who assigned the same to appellant, the Indianapolis Gas Company. After the five years limitation of said lease had expired, said I. B. Anderson and Jennie Anderson assigned a copy of said lease to appellee herein who commenced this action. No well was drilled under the lease, and no rent was paid.

Under the first specification of the assignment of errors,

counsel for appellants claim that J. M. Guffy and Company, the original lessees, should be made parties defendant. It is alleged in the complaint that J. M. Guffy and Company sold, assigned and transferred the lease to the Indianapolis Natural Gas Company, which company sold and transferred the lease to the Indianapolis Gas Company; that these assignments were in writing indorsed on the original lease, but that a copy of the same could not be given because the lease was lost. Under the averments, Guffy and Company were not necessary parties. §276 Horner 1897. It is insisted in further support of the proposition that the complaint is insufficient, that the assignments of the lease by the lessees gave the assignee (appellee) no cause of action. The assignment is in the following language: "For value received we hereby sell, transfer and assign all our interest, right and title in and to the original contract of which this is a true copy to W. G. Pierce." It is contended by counsel for appellants that as appellee did not own the reversion, or as the land was not conveyed to the assignee, the assignment of the lease would not carry with it rent which had accrued before the assignment; that the right of action on the covenant to pay rent had accrued before the attempted assignment to appellee. In order to pass to appellee the right of action for rent the lessors should have assigned the claim for rent. Appellants cite in this connection: *Allen* v. *Wooley*, 1 Blackf. 148; *Carley* v. *Lewis*, 24 Ind. 23; *Junction R. Co.* v. *Sayers*, 28 Ind. 318; *Bethell* v. *Bethell*, 54 Ind. 428, 23 Am. Rep. 650.

By the assignment, the Andersons sold whatever right or interest they had by virtue of the contract assigned. The lease is dated May 31, 1887, and was for five years; the right of Guffy and Company and their assigns to enter upon the land expired May 3, 1892. The lease was no longer operative against the land at the time of its assignment to appellee. The Andersons could only look to the agreement contained in the lease whereby it was stipulated that the

lessees should pay certain sums of money as damages for a failure to put down a well. Parties may stipulate for the amount of damages on account of breach of contract. *Wambaugh* v. *Bimer,* 25 Ind. 368; *Harrison* v. *Lockhart,* 25 Ind. 112; *Stanley* v. *Montgomery,* 102 Ind. 102; *Jaqua* v. *Headington,* 114 Ind. 309.

A lease may be assigned by the lessor so as to give to the assignee the right to receive rent reserved without a sale or transfer of the reversionary interest. The doctrine of the common law that choses in action are not assignable does not obtain with us. Ridman & Lyons on Landl. & Ten. p. 439; Taylor on Landl. & Ten. §426; *Willard* v. *Tillman,* 2 Hill 274. It is averred that the assignment to appellee was made after the expiration of the lease. When the assignment was made to appellee, there was due under the contract in question to the Andersons the amount stipulated therein for the breach of the same. It was a chose in action. They had a right of action under the contract and when they assigned all their rights and interest therein, they assigned this right of action to appellee. The time for which the land was leased having expired, there remained nothing but this right of action to be transferred. To hold that the assignment transferred only the original instrument would be too narrow a construction. The authority cited by appellant is not applicable to the facts in the case at bar.

Appellants' counsel discuss the second specification of the assignment of errors, viz., "that the court erred in its conclusions of law on the facts found," and the first and third reasons for a new trial, together. The first reason for a new trial is because the decision of the court is contrary to law. The third is that the court erred in permitting plaintiff (appellee) to introduce in evidence, over defendants' objection made at the time, the lease contract sued on in the complaint. The court found that "Anderson granted, demised and let unto J. M. Guffy and Company of Pittsburgh, Pennsylvania, for the purpose of drilling and opera-

ting for oil or gas, a certain tract of land situated in Washington township, Hamilton county, Indiana, and bounded and described as follows, to wit: "On the north by the lands of J. Mendenhall, on the east by the lands of S. M. Smith, on the south by the lands of S. M. Smith, on the west by the lands of William G. Pierce, containing thirty acres more or less; excepting and reserving therefrom twenty acres around the buildings on said premises upon which there shall be no wells drilled by either of said parties the boundaries of which shall be designated and fixed by the party of the first part." That there was no further or different description of said thirty acres nor of the ten acre portion thereof on which it was stipulated the drilling should be done nor of the twenty acres reserved.

. The introduction of the lease in evidence was objected to for the reason that the description was so uncertain as to furnish no means of identifying the land to be conveyed, and for that reason was not enforcible. Conceding that the instrument in question was open to the objection, yet the court found, and the exception to the conclusions of law admits the correct finding of the facts: "The court further finds that pursuant to and in accordance with the terms of said contract I. B. Anderson on the 3rd day of May, 1887, and immediately after the parties to said contract had signed the same, but before the acknowledgment of their signatures thereto pointed out to one Scully who was the agent of and acting in the making of said contract lease for said Guffy & Co. the boundary of a portion of said thirty acres described in the contract sued on east of a certain fence extending north and south through the entire width of said thirty acre tract which said east portion contained a little more than ten acres of land, between ten and thirteen acres, and stated that the said east portion thus described was the portion of said thirty acres upon which said company might drill for gas. That said ten acres was to be east of said fence, and that the portion of

the land west of said fence was the excepted portion upon which no gas wells should be drilled; that at the time the said east portion containing the said ten acres and the west portion, being the exception and containing near twenty acres, were thus pointed out and located, said I. B. Anderson also pointed out to said Guffy & Co. the fences and a railroad that, together with the fence already named and described, formed the boundary of said ten acre portion upon which gas wells might be drilled and at the same time pointed out to said Guffy & Co. an old well in which there was an old pump-stock extending above the ground, as the location near which he wished the first well to be drilled; that the said 'old well' was situated entirely on the said ten acre tract of land some ten or fifteen rods east of said fence; that all the buildings on the said thirty acres were situated on the twenty acres of land thus described as the excepted twenty, and west of the said fence running north and south. That the boundaries of the twenty acres excepted from said grant were not designated in said lease and contract, nor was there any written agreement or memorandum aside from said lease referred to therein fixing the boundaries of said twenty acres reserved and that neither said Anderson nor this plaintiff at any time notified said Guffy & Co. nor any assignee of said lease, including the defendant gas companies that he had designated and fixed the boundaries of the twenty acres reserved and what said boundaries were except as herein found.

"That no other or different description or designation of boundaries than as hereinbefore found was ever given by said I. B. Anderson or his authorized agent to said Guffy & Co., or to either of these defendants, either as to the portion upon which gas wells might be drilled, or as to the excepted portion of said thirty acres described in the said contract."

The court further found that neither Guffy & Co. nor these defendants nor either of them at any time ever asked I. B. Anderson or his authorized agent to more definitely

describe the boundaries of the said ten acre tract or the excepted portion of said thirty acres described in the said contract nor the location for the first gas well, than was described and defined on the said 3rd day of May, 1887, as herein stated, and further found that pursuant to and in accordance with the terms of said contract the description and boundaries, both of the excepted portion on which no gas wells were to be drilled and the ten acre portion of said thirty acres on which gas wells were to be drilled, and likewise the location for the first gas well to be drilled, were pointed out and described as herein stated and that the acts of the said I. B. Anderson herein stated in locating, pointing out, and describing the two said separate portions and divisions of said thirty acres, and the place where the first gas well was to have been drilled were sufficient under and met the requirements of said contract relative to fixing and designating the boundaries of the two portions and divisions of said thirty acres and in pointing out the location for the first well.

The description of the premises in the lease before us and in the lease in question in *Indianapolis, etc., Co.* v. *Spaugh,* 17 Ind. App. 683, is identical. It may be said here, as was said in the case last named, "If all the terms of the contract had been complied with, it could not have failed of execution by reason of the imperfect description," for the reason that the lessor designated the boundaries within which the wells were to be drilled and pointed out the location of the first well to be drilled. Under the authority of that case, the lease was properly admitted.

The fourth reason for a new trial was that the court erred in permitting plaintiff to introduce in evidence over defendant's objection the assignment of the contract sued on from Anderson to plaintiff. The objection is made that the lease purports to pass an interest in real estate, was for a period of more than three years, "could only be assigned by deed, subscribed, sealed and acknowledged"; also for the reason

that the lease upon which the assignment was formed contained no description of the land attempted to be conveyed; citing §§2919, 4925 Horner 1897.

The interest conveyed by this assignment was a mere chose in action; it had ceased to operate as an interest in real estate. As to the sufficiency of the description, what we have said as to the description of the real estate contained in the lease in passing upon the third reason for a new trial applies to the fourth reason. The second reason for a new trial was that the decision of the court is not sustained by sufficient evidence. An examination of the record discloses that the decision of the court was sustained by the evidence, and that a correct result was reached. We find no error for which the judgment should be reversed.

Judgment affirmed.

Henley, J., and Robinson, J., dissent.