### STEWART ET AL. *v.* ALVIS.

[No. 4,282.    Filed January 6, 1903.]

HUSBAND AND WIFE.—*Damages.*—*Joint Action.*—A joint action can not be maintained by a husband and wife to recover damages resulting to each of them by reason of the alleged unlawful entry of the landlord upon the premises occupied by them as joint lessees, on account of a nervous shock to the wife caused by such entry, and the expense, loss of time, etc., of the husband.

From Washington Circuit Court; *T. B. Buskirk* Judge.

Action by Mandy E. Stewart and husband against Amanda M. Alvis. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*H. P. White, Asa Elliott* and *Frank Houston,* for appellants.

*J. C. Lawler* and *T. M. Hostetter,* for appellee.

WILEY, J.—The only question presented by this appeal is the sufficiency of appellants' complaint, to which a demurrer was sustained. The complaint avers that appellants were husband and wife, and as such leased of appellee a lot upon which was a dwelling-house, and that they occupied the house as a residence; that they took and retained possession of said premises until after the injuries complained of,

hereinafter described; that in April, 1901, appellee entered upon said premises, and was notified by appellants to depart therefrom and to remain off and away; that in June, 1901, appellee was about to enter upon said premises, and was forbidden to do so by appellants; that, heedless of and in utter disregard of being so forbidden, appellee wilfully and unlawfully "broke the close and entered upon said premises;" that at that time appellant Mandy E. Stewart was, and had been for more than two weeks, "sick and afflicted with bodily affliction;" that appellee was informed of the said Mandy's sickness, and was then and there forewarned by the occupants of said premises of the "danger of said entrance upon said premises by said defendant causing imminent peril to the life and health of said plaintiff, but with full knowledge of said sick and afflicted condition of said plaintiff, and in total disregard of said notice and warning, and with intent then and there and thereby to aggravate plaintiff's said sickness and disease, and to annoy, torment, and harass the said plaintiff, said defendant broke the said close, and unlawfully entered upon said premises." It is then averred that said entrance, and the conduct of defendant thereon, caused a serious nervous shock to said plaintiff, whereby she was greatly distressed of body and mind, suffered great mental anguish, and was violently ill, and was compelled immediately to secure medical attention; that said nervous shock caused her original sickness to be greatly aggravated and prolonged, and that permanent injury resulted to her therefrom; that prior thereto said Mandy was a dressmaker, and thereby earned $100 per annum, and that by reason of said nervous shock she "is now, and hereafter will be, unable to work at said trade," to her damage in the sum of $5,000. The complaint then avers: "That plaintiff Lewis Stewart is a day-laborer, and at the time of said nervous shock to his wife * * * was working at day-labor, and receiving therefor the sum of $1.25 per day; that by reason of said nervous shock to his said wife, and the sick-

ness and affliction resulting therefrom to said wife, said plaintiff was compelled to lose —— days work, was deprived of the services and consortion of said wife, was compelled to lay out and expend the sum of $100 for medicine, medical attention and nurse hire, all to his damage in the sum of $200. The prayer of the complaint is, "that plaintiffs have been damaged in the sum of $5,200," for which they demand judgment.

It is not difficult from the plain language of the complaint to determine the theory upon which it proceeds. It is a joint action on the part of appellants, as husband and wife, to recover damages resulting to each of them by reason of the alleged unlawful entry of appellee upon the premises occupied by them as joint lessees, on account of the nervous shock occasioned to appellant Mandy E. Stewart, and the expense, loss of time, etc., to appellant Lewis. The complaint describes, (1) the specific damages accruing to the wife; and (2) those accruing to the husband. If the facts pleaded state a cause of action at all, do they state a joint or separate cause of action ? If the latter, then the demurrer for want of facts was properly sustained. It seems quite clear that the damages occasioned to the wife are distinct and separate from those occasioned to the husband. In the one instance it is averred that the wife was damaged in the sum of $5,000 by the nervous shock resulting from the unlawful entrance of appellee upon the premises, and her conduct while thereon; and in the other the husband was damaged $200 on account of loss of time and money expended for medical attention, etc., to the wife.

There does not seem to be a unity of interest from the facts pleaded. Should the case proceed to final judgment in favor of appellants, there would have to be one judgment in favor of the wife to cover her damages, and one in favor of the husband to cover his, for they are separate and distinct. We can not construe the complaint as constituting a cause of action for trespass, for the reason that there is no

allegation of injury to the leasehold, neither is there any allegation that there is any injury alleged to have been suffered by appellants jointly as joint lessees.  The damages occasioned, if the act of appellee in entering upon the premises under the facts pleaded is actionable, are severable as to appellants.  So far as disclosed by the complaint, the appellee was not guilty of any act that could occasion a joint right of action for the damages complained of.  The injuries alleged to have resulted from such fact could not, under the facts pleaded, have injured jointly the appellants.  The complaint not stating a joint cause of action, there was no error in sustaining the demurrer.  *Indianapolis Nat. Gas. Co.* v. *Spaugh,* 17 Ind. App. 683; *McIntosh* v. *Zaring,* 150 Ind. 301; *Brunson* v. *Henry,* 140 Ind. 455; *Hadley* v. *Hobbs,* 12 Ind. App. 351; *City of New Albany* v. *Lines,* 21 Ind. App. 380; *American, etc., Bank* v. *McGettigan,* 152 Ind. 582, 71 Am. St. 345.

As to whether the facts pleaded state a separate cause of action in favor of each of the appellants, it is unnecessary for us to decide.

Judgment affirmed.