## INDIANAPOLIS GAS COMPANY ET AL. *v.* PIERCE.

[No. 5,517.   Filed November 28, 1905.]

1. LANDLORD AND TENANT.—*Leases.—Contracts.—Gas and Oil.—* A provision in a gas-and-oil lease that if the lessee does not drill a well within a specified period, it shall pay a certain sum thereafter as rent, is valid.  p. 578.

2. SAME.—*Leases.—Assignees.—Rights.—*The assignee of an assignable gas-and-oil lease acquires all of the rights of the lessee. p. 578.

3. SAME.—*Leases. — Undefined   Territory.—Excepted.—Failure to Require Location.—*Where the landlord provided in his lease that no gas-and-oil well should be sunk on twenty acres, to be designated by him, situate about his buildings, and he afterwards pointed out a place where the first well might be sunk, but neither the lessee nor its assignees ever demanded that he should designate the lands reserved more definitely, such lessee and assignees are not discharged from their obligations under such lease.  p. 578.

4. SAME.—*Leases.—Assignment.—Liabilities.—*Where the lessee's assignee assigned to defendant all of its "live leases," which included plaintiff's, defendant is liable according to its terms, though it did not actually know of such lease at the time of such purchase, especially where it tried afterwards to get plaintiff to cancel same.  p. 579.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Action by William G. Pierce against the Indianapolis Gas Company and another.  From a judgment for plaintiff, defendants appeal.  *Affirmed.*

*Kane & Kane,* for appellants.

*L. S. Baldwin,* for appellee.

WILEY, J.—Appellee recovered a judgment against appellant Indianapolis Gas Company for rental upon a gas lease.  At the request of the parties the court made a special finding of facts, and stated its conclusion of law thereon. To the conclusion of law a proper exception was reserved. The appellant Indianapolis Gas Company moved for a new trial, and its motion was overruled.  Under the assignment

of errors we are required to review the conclusion of law and the questions presented by the motion for a new trial. The court rendered judgment against both of the appellants for costs.

The facts exhibited by the special findings are as follows: On May 3, 1887, appellee entered into a contract and lease in writing by which he demised and let to Guffy & Company, for the purpose of drilling and operating for oil or natural gas, etc., a certain tract of land in Hamilton county, Indiana, containing forty acres, more or less, reserving therefrom twenty acres around the buildings on the premises, upon which it was provided no well should be drilled, and the boundaries of said twenty acres should be designated by appellee. Under such contract it was provided that the rights granted to the lessee should continue for a term of five years, and that if gas was "contained in sufficient quantities," and utilized, the consideration to be paid appellee should be $100 per annum for each well, the same payable within sixty days after the completion of the well, and thereafter annually in advance. The well should be commenced and completed within six months, and in case of a failure so to complete such well within the designated time the lessee was to pay appellee, for such delay, the sum of $100 per annum within three months after the time for completing said well, and the appellee agreed to accept such sum as full consideration in payment for such yearly delay until one well should be completed. A failure to complete one well, or to make any payments within such time as mentioned, should render the lease null and void, and it was to remain without effect as between the parties. Immediately after the execution of the lease the lessee took possession thereof, and appellee pointed out to the agent of lessee, who acted for it, the portion of the land upon which he desired the first well to be drilled, designating the place as near a certain oak tree. The

boundaries of the portion of the farm upon which wells might be drilled, and that portion upon which no wells were to be drilled, were at no time fixed and designated by the appellee, except as above stated, nor did the original lessee, nor appellants, nor either of them, at any time, ask appellee, or any one representing him, to fix more definitely the boundaries of the portions of land so leased, nor the location of the well or wells to be drilled. Appellee was at all times ready and willing to locate more definitely the first well and fix the boundaries of the portions of said leased premises in accordance with the terms of the lease. Appellee did not notify the original lessee or appellants that he had or would designate the boundaries around the twenty acres where the buildings were, on which no wells should be drilled, or that he had or would locate more definitely the place where a well should be drilled. Subsequently Guffy & Company assigned and transferred all their rights to and interest in said lease to the Indianapolis Natural Gas Company. In April, 1890, the latter company, for a valuable consideration, assigned, transferred and turned over to the appellant Indianapolis Gas Company all the lands and property of every description belonging to the Indianapolis Natural Gas Company, including the lease in controversy. In making the transfer of such property and contracts the Indianapolis Natural Gas Company turned over to appellant Indianapolis Gas Company a lease register purporting to show all contracts which were at that time held by the Indianapolis Natural Gas Company which had not been canceled and also the leases which had been canceled or abandoned. The lease sued on did not appear on said lease register. Some old leases, marked "abandoned leases," were turned over to the Indianapolis Gas Company in making such transfer, among which was the lease from appellee, which was "at the time a live and enforceable contract." Said lease was

not found by, nor come to the knowledge of, the Indianapolis Gas Company until after the transfer of leases and propérty aforesaid was fully consummated. Since the execution of said lease neither Guffy & Company nor either of appellants has drilled or attempted to drill a gas-well or wells upon any portion of the leased premises, or constructed any pipe-lines, or erected any buildings or machinery under said contract, or attempted to exercise any right or privilege granted thereunder. Neither the original lessee nor appellants have asserted any rights under said lease, nor have they taken possession of the premises therein described. During the last week in January, 1892, the appellant Indianapolis Gas Company, through its authorized agent, called upon appellee and urged him to consent to the cancelation of said lease, and to sign a release receipt for the same. At that time appellee demanded that he either be paid the rental due under the terms of the lease, or that a well or wells be drilled on his lands as provided in the lease. Appellee refused to cancel the lease or permit it to be done, and the same has never been canceled or in any way released by appellee. The lease sued on was executed on the 3d day of May, 1887, and was to run for five years. The lessee therein was to begin operations on said lands within thirty days, and complete a well within three months, and upon failure to drill such well the original lessee was to pay appellee within three months $100 "for such yearly delay in the drilling of said well." No well was drilled on said real estate, and the first yearly payment became due and payable, under the terms of the lease, on the 3d day of October, 1888, and the third annual payment became due October 3, 1889, at which dates, respectively, a right of action accrued to appellee for the recovery of each yearly rental. The complaint in this action was filed on the 2d day of June, 1900, and the right of action for the recovery of each of said yearly rentals last-above men-

tioned did not accrue within ten years next preceding the day on which this action was commenced. Neither the appellee, nor any one for him, has received any compensation whatever under or by virtue of said lease, nor has the original lessee or appellants tendered to him any payment on account thereof. Said lease remained in full force and effect until the expiration of the full term of five years from the date thereof. There is now due under said lease the sum of $100, with interest at the rate of six per cent per annum on each and every payment that should have been made on and after the 3d day of April, 1890. Two annual payments of $100 each remain due and unpaid, making a total of $345.80 now due and payable under and by virtue of the terms of the lease.

As a conclusion of law the court stated: "That the plaintiff is entitled to recover of the defendant Indianapolis Gas Company the sum of $345.80, and his costs as against both of said defendants."

As the rights of the parties may be determined from the facts found and the conclusion of law stated, we have refrained from setting out the material averments of the complaint. It may be said, however, that it proceeds upon the theory that the lease granted to the lessee, for a period of five years, the right to drill gas-wells on the leased premises, reserving to appellee twenty acres of the land surrounding the buildings, the boundaries of which appellee was to designate. The lease did not name any time in which such boundaries should be designated, but the complaint avers that appellee was ready and willing so to designate the boundaries whenever the lessee indicated it was ready to drill a well, and, also, that appellee did designate a place where a well might be drilled. The lease provided that upon failure to drill a well within a designated period the lessee was to pay the lessor an annual rental of $100.

Such a condition in a lease of this character is a valid condition and may be enforced. *Indianapolis Nat. Gas Co.* v. *Spaugh* (1897), 17 Ind. App. 683; *Indianapolis Nat. Gas Co.* v. *Pierce* (1900), 25 Ind. App. 116; *Doxey's Estate* v. *Service* (1902), 30 Ind. App. 174.

In this case it is alleged that the original lessee assigned the lease to the Indianapolis Natural Gas Company and that it assigned it to the Indianapolis Gas Company. The facts specially found establish such assignments. By such assignments the appellant Indianapolis Gas Company, by operation of law, became the lessee, and acquired all the rights of a lessee thereunder. Appellants affirm that they, as assignees, were under no obligation to perform any duty under the lease until appellee had marked the boundaries of the portion of the premises upon which a well or wells might be drilled under the terms of the lease, and as he did not so mark such boundaries, appellants are released from liability. The appellee alleges, and the special findings show, that he was ready and willing to mark the boundaries whenever the lessee evinced a willingness and readiness to drill a well. It is also shown that he designated a place where a well might be drilled, and, in the absence of a finding to the contrary, it will be presumed that the place designated was on that part of the premises where the lease provided a well might be located. But appellants say that the lease gave no right to appellee to designate a place where a well might be drilled, but only to designate the boundaries of the twenty acres surrounding the buildings, within which boundaries no well should be drilled. It is found that neither appellants nor their assignor ever requested appellee "to fix more definitely the boundaries of said portions of the land so leased," and that appellee was "at all times ready and willing to locate more definitely the first well and fix the boundaries of the portions of said leased prem-

ises," etc. These facts bring this case squarely within the rule declared in *Indianapolis Nat. Gas Co.* v. *Spaugh, supra,* and upon the point immediately under consideration that case rules.

In *Kokomo, etc., Oil Co.* v. *Albright* (1897), 18 Ind. App. 151, which was an action against appellant upon a gas lease which contained a clause that appellant was to drill a well upon "ground to be mutually agreed upon," and where it failed to do so it was held that appellee could maintain an action to recover rent upon such failure, and it was there said: "Appellant was not bound to drill a gas-well. It had the right to do so. It was enough for appellees to be ready and willing to agree with the appellant upon a place, and to wait for notice from the appellant that it was ready to locate the well."

It is next contended that as the appellant Indianapolis Gas Company had no knowledge of the existence of the lease at the time of the purchase from appellant 4. Indianapolis Natural Gas Company and the transfer covered only such leases as were on the lease register and shown to be "live leases," the assignment of the contract was never accepted by it, and hence it is not liable under the contract. It was no fault of appellee that his lease did not appear upon the lease register, for with that he had nothing to do. It sufficiently appears that the Indianapolis Gas Company accepted from its immediate assignor "all live leases," and that the lease in suit was assigned to it. Such lease was a "live lease," for it was operative for five years after its execution. It was executed in 1887, and was assigned to the Indianapolis Gas Company in April, 1890. The assignment and acceptance of the lease to and by the Indianapolis Gas Company carried with it all the obligations assumed by the original lessee.

Appellant recognized that the lease was a "live lease" and a binding and enforceable contract, for it is found as

a fact—and such finding is based upon positive evidence—that in 1892, two years or more after it took the assignment, it made two or more attempts to get appellee to consent to its cancelation. If it was not a "live lease," and appellant was not bound by it, then it could have had no reason or object in securing its cancelation. It is exhibited by the findings that this lease was assigned to appellant Indianapolis Gas Company, and passed into its possession when the Indianapolis Natural Gas Company transferred all of its leases to it. The contention of appellant upon this point, in view of the established facts, is without merit.

Every material fact essential to appellee's recovery is exhibited by the special findings and abundantly supported by the evidence.

Judgment affirmed.