[No. 14353.   Department One. — September 16, 1891.]

HENRY BONETTI, RESPONDENT, v. J. M. TREAT
ET AL., DEFENDANTS.   WILLIAM R. PORTER, AP-
PELLANT.

91  223<br>
e140 534<br>
91  223<br>
144 160

LANDLORD AND TENANT — ASSIGNMENT OF LEASE — RENT — LIABILITY OF
ASSIGNEE — COVENANT WITH ASSIGNOR — PRIVITY OF CONTRACT —
PRIVITY OF ESTATE. — A covenant by the assignee of a lessee with the
assignor in the assignment "to pay all rent that may fall due, from time
to time, by virtue of the provisions of the lease" is enforceable only by
the assignor, and does not create a privity of contract between the as-
signee and the lessor; but the entry of the assignee into possession under
the assignment creates the relation of landlord and tenant between him
and the lessor by privity of estate, and he is liable for rent during his
ownership of the term, upon the covenant of the lease to pay rent, which
runs with the land.

ID. — DIVESTING TITLE AND LIABILITY OF ASSIGNEE — ABANDONMENT. —
An assignee of a lessee who has taken possession of the leased premises
cannot divest himself of the legal title and right of possession, or of his
beneficial interest in the lease, or dissolve his privity of estate with the
lessor, or terminate his liability for rent, by a mere abandonment of the
premises without the consent of the lessor.

ID. — LIABILITY OF LESSEE AFTER ASSIGNMENT. — The assignment of a lease
by the lessee, and the acceptance by the lessor of the assignee as tenant,
does not release the lessee from his covenant to pay the rent, but his lia-
bility thereon to the lessor continues until the termination of the lease.

ID. — CONDITIONAL SURRENDER — STATUTE OF FRAUDS. — The conditional
surrender of the leased premises by the lessee does not operate as a
dissolution of the tenancy, if the conditions of the surrender on the part
of the lessee are not fulfilled, and the surrender is not in writing, as re-
quired by the statute of frauds.

ID. — RENT — LIABILITY OF TENANT AFTER ABANDONMENT — RE-ENTRY OF
LESSOR. — Where leased premises are unlawfully abandoned by a tenant,
and the tenancy is only terminated by the lessor's notice to quit or pay
the rent, and his re-entry under the terms of the lease for breach of its
covenants, the tenant is liable, at least for that part of the rent which
had accrued up to the time of the re-entry.

ID. — LIMITING RECOVERY — INSTRUCTIONS — DUTY OF DEFENDANT. — If
a tenant sued for rent desires to limit the recovery in any event to the
amount of rent accrued at the time of re-entry by the lessor, it is his
duty to ask the court to submit to the jury proper instructions upon that
matter.

ID. — NONSUIT. — When the evidence for the plaintiff in an action for rent
tends to show a right of recovery in him for any amount, a motion for
nonsuit should be denied, and the sufficiency of the evidence should be
left to the jury.

APPEAL from a judgment of the Superior Court of
Santa Barbara County.

The facts are stated in the opinion.

*Philip Stewart,* and *Richards & Carrier,* for Appellant.

Reassignment of a lease to a stranger by the assignee, or surrender of possession by him to the landlord, without the landlord's consent, terminates the relation between them. The remedies of the lessor against his lessee's assignee are the same as those existing against the original lessee only when they accrue while he is such assignee. (Civ. Code, sec. 822.) A covenant. to pay rent is one running with the land. (Civ. Code, secs. 1462, 1463.) No one, merely by reason of having acquired an estate subject to a covenant running with the land, is liable for a breach of the covenant after he has parted with the estate or ceased to enjoy its benefits. (Civ. Code, sec. 1466; *Young* v. *Peyser,* 3 Bosw. 308; *Armstrong* v. *Wheeler,* 9 Cow. 88; *Childs* v. *Clark,* 3 Barb. Ch. 52; 49 Am. Dec. 164; *Wolveridge* v. *Stewart,* 3 Moore & S. 561; *Astor* v. *L'Amoreux,* 4 Sand. 524; *Carter* v. *Hammett,* 18 Barb. 608; *McIntyre* v. *Scott,* 8 Johns. 159; *Eaton* v. *Jacques,* 1 Doug. 461; *Johnson* v. *Sherman,* 15 Cal. 290; 76 Am. Dec. 481; *Taylor* v. *Shum,* 1 Bos. & P. 21; *Walton* v. *Cronly,* 14 Wend. 63.) Mere legal title without beneficial enjoyment is not sufficient to create privity of estate. (*Wetherell* v. *Hamilton,* 15 Pa. St. 195; *Damainville* v. *Mann,* 32 N. Y. 197; 88 Am. Dec. 324.) Were the obligations of the assignee to the landlord as fixed and continuing as those of the conventional lessee, nevertheless a surrender by him and acceptance by the landlord of the key of the leased premises, the letting of them to others, or devoting of them to his own purposes thereafter, or any act indicatory of his intention to hold them divested of any interest or estate of the party surrendering, would determine the tenancy and discharge the assignee or the lessee. (*Hegeman* v. *McArthur,* 1 E. D. Smith, 147; *Dos Santos* v. *Hollinghead,* 4 Phila. 57.) A notice to quit by the landlord operates as a determination of the tenancy. (*Hoff* v. *Baum,* 21 Cal. 120.) No benefit is conferred upon the lessor by the covenant

in the assignment in addition to what the privity of estate creates. The assignee simply covenants "to pay all rents that may fall due, from time to time, by virtue of the said lease." This is but a formulation of the covenant running with the land. It is one of the usual covenants in assignments of leases. (Wood on Landlord and Tenant, sec. 332.) No privity of contract existing between plaintiff and this defendant, the statute of frauds is not a factor in this case. To turn over possession of the premises to plaintiff and divest himself thereof, thus severing the privity of estate, did not require an instrument in writing. Besides, a surrender can take place by act of law, working by way of estoppel, evidenced by the conduct of the parties. (See *Bedford* v. *Terhune*, 30 N. Y. 453; 86 Am. Dec. 401.)

*B. F. Thomas*, for Respondent.

Appellant, in the assignment of Pierce to himself, agreed to pay the rent which became due the plaintiff by reason of the lease from the plaintiff to Pierce and Treat. (Civ. Code, sec. 1559; *Sacramento Lumber Co.* v. *Wagner*, 67 Cal. 293.) Whatever remedies plaintiff had against Pierce after the assignment, he had against Porter. (Civ. Code, sec. 822; Wood on Landlord and Tenant, secs. 332, 334, 335, 339; Taylor on Landlord and Tenant, 6th ed., secs. 449–451.) The covenant to pay the rent runs with the land. (Civ. Code, secs. 1462, 1463.) A tenant cannot voluntarily quit the leased premises, and thereby avoid the covenant to pay the rent. (*Estate of Bell*, 85 Cal. 119; Wood on Landlord and Tenant, sec. 339; 12 Am. & Eng. Ency. of Law, 751; *Thomas* v. *Nelson*, 69 N. Y. 121; *Laughran* v. *Smith*, 75 N. Y. 205.) Surrender of a lease for the unexpired term must be by the mutual consent of the parties. (Civ. Code, sec. 1933; Wood on Landlord and Tenant, sec. 488; Taylor on Landlord and Tenant, 6th ed., sec. 517; *Bedford* v. *Terhune*, 30 N. Y. 453; 86 Am. Dec. 395, and note.) As to how the assent or agreement of surrender must be shown, see Civ. Code, sec. 1624, subd. 5, and Code Civ. Proc., sec. 1971.

(*Fisher* v. *Milliken*, 49 Pa. St. 111; 49 Am. Dec. 497; *Bailey* v. *Wells*, 8 Wis. 141; 76 Am. Dec. 233.) The payment of the money and the delivery of the dairy fixtures were conditions precedent to the release and surrender, and the obligation to pay the rent which accrued on the 1st of August, 1889, if it was intended to be affected by the proposed compromise or accord, would not be extinguished until the terms of the accord or compromise were executed. (Civ. Code, secs. 1521, 1522; *Simmons* v. *Hamilton*, 56 Cal. 493; *Estate of Bell*, 85 Cal. 119.) The surrender, if made, would not have operated as a release from rent already accrued. (Taylor on Landlord and Tenant, sec. 518; *Shepard* v. *Merrill*, 2 Johns. Ch. 276; *Sperry* v. *Miller*, 8 N. Y. 336.) The giving of the notice to quit to Porter, and the taking of possession under it, while terminating and putting an end to the relation of landlord and tenant, did not affect the defendants' liability for rent already accrued. (*Roe* v. *Conway*, 74 N. Y. 201; *Johnson* v. *Oppenheim*, 55 N. Y. 280.)

FITZGERALD C.— Action for rent alleged to be due and unpaid on certain demised premises described in the complaint.

The answer specifically denies the material allegations of the complaint, and avers the neglect and refusal of plaintiff to obtain his lessor's consent to the assignment, after having expressly agreed to do so, rescission of the lease and surrender of the premises by the defendant Treat, and the acceptance of and entry thereon by plaintiff.

The facts disclosed by the testimony of the witnesses for the plaintiff are as follows: On the ninth day of January, 1889, the plaintiff executed to the defendant Treat, in conjunction with one Pierce, a written lease of the premises therein described, for the term of five years from the first day of August, 1888, at the annual rent of eighteen hundred dollars for the first year, and two thousand dollars for each and every year thereafter, payable in two equal installments, semi-annually, in

advance, on the first days of February and August of each year, during the term of the lease.

Subsequent to the execution of the lease, but on the same day, Pierce executed, with the consent of the plaintiff, a written assignment of all his right, title, and interest in the demised premises to the defendant Porter, who, as part of the consideration " of such sale or transfer, agreed to pay all rent that may fall due, from time to time, by virtue of the provisions of said lease." Porter immediately entered into possession of the premises as assignee under the assignment of the lease, and paid by his individual check a part, if not all, of the first installment of rent.

Treat and Porter continued their joint occupancy of the premises until the latter part of July of that year, when they, without the knowledge or consent of the plaintiff, wholly abandoned the possession of the same; and afterwards, upon demand being made for the rent due and payable on the first day of August, 1889, they refused to pay the same. The reason given by the defendant Treat to plaintiff for the abandonment of the possession of the premises and the refusal to pay the rent when it became due was to the effect that Porter declined to pay any further rent until plaintiff obtained the consent of his lessor to the assignment, and that he, Treat, could not do anything alone. The evidence shows that plaintiff never promised or agreed to furnish such consent to Porter, or to any one for him.

In the early part of August, 1889, the defendant Treat delivered the keys of the house and surrendered the premises to plaintiff, in pursuance of an agreement entered into between them, by which Treat agreed to turn over to him the " dairy fixtures " on the place, and to pay, in addition thereto, the sum of two hundred dollars.

Treat having failed and refused to perform any part of his agreement, the plaintiff handed the keys to his attorney, with instructions to turn them over to Treat unless he complied with his agreement. The attorney called upon Treat and made the demand of him, in

accordance with such instructions, and upon Treat fail-
ing to accede thereto, offered to return to him the keys,
which he refused to accept, saying "that he did not
want them; that he had surrendered them, and had no
use for them."

Afterwards, on the second day of September following,
plaintiff served written notice on Treat and Pierce, mailed
another to Porter, and posted one on the dairy-house on
the premises, demanding the payment of the rent or the
delivery to him of the possession of the premises on or
before the eighth day of September, 1889. Plaintiff re-
entered into possession about the last of October follow-
ing.

At the conclusion of the plaintiff's testimony, the de-
fendant Porter moved for a judgment of nonsuit upon
the following grounds: "The evidence shows that he is
not a party to the lease of plaintiff to Treat and Pierce;
that plaintiff refused and never did release Pierce from
said lease as lessee, and defendant Porter never executed
the same; that the plaintiff never accepted defendant
Porter as lessee upon the original lease; that the defend-
ant Porter, as well as the defendant Treat, surrendered
the premises within one year from the date of their
occupation of said premises upon the terms specified
in said lease, having first paid all rents for the use and
occupation thereof during said period; that defendant
Porter's tenancy as assignee of said Pierce, if the court
holds that he was such, before the first day of August,
1889, terminated, and he had then ceased to be benefi-
cially or in any way interested in said leasehold, or said
premises the subject thereof; that by mutual consent of
the parties the relation of landlord and tenant existing
between plaintiff and defendants was determined, and
said lease rescinded, and defendants surrendered posses-
sion of all the premises, and plaintiff went into possession
thereof; that the plaintiff himself elected to rescind and
work a forfeiture of said lease, and notified defendants
to pay the accruing rent in advance, or to surrender
possession of the premises, and did consummate and

execute said rescission, and did take possession of said premises; that at the time of the commencement of this action said lease set forth in the complaint was fully rescinded, determined, and canceled, and no cause of action existed for the enforcement of its covenants."

"The court denied the motion, and the defendant Porter excepted."

The case was tried by a jury, and a verdict found in favor of the plaintiff, and from the judgment rendered thereon this appeal is taken by the defendant Porter upon the judgment roll alone.

The only error complained of relates to the ruling of the court denying the motion of the defendant Porter for judgment of nonsuit.

Porter's covenant, contained in the assignment to him, " to pay all rent that may fall due, from time to time, by virtue of the provisions of the lease," and his entry into possession as assignee under the assignment, created the relation of landlord and tenant between him and the lessor, and his holding was by privity of estate, and not by privity of contract, as claimed by respondent. The lessor was not a party to, nor was he in any way benefited by, the contract of assignment. The liability of Porter to the lessor was therefore created solely by the covenant of the lease to pay the rent, which is a covenant running with the land, and not by the contract of assignment, the non-performance of which is enforceable only by the lessee.

The assignee is answerable for the rent during his ownership of the term under the assignment, and his liability therefor arises out of the privity of estate, and this without reference to any obligation assumed by him in the contract of assignment.

Nor did the assignment to Porter, and the acceptance by the lessor of him as tenant, release Pierce from his covenant to pay the rent; but his liability to the lessor continues, notwithstanding the assignment, by privity of contract, to the end of the term of the lease, unless sooner terminated.

The evidence shows that Porter, shortly before the installment of rent sued for became due, abandoned the possession of the premises and refused to pay the rent, upon the ground that the plaintiff had failed to furnish, as he agreed to do, the consent of his lessor to the assignment.

The contention that by the abandonment of the possession of the premises by Porter he parted with the beneficial interest, and yielded the possession to the beneficial owner, is unsupported by reason or authority.

The legal title and the possession of the leasehold were in Treat and Porter, and he, Porter, could only divest himself thereof and dissolve the privity of estate by a reassignment, in writing, to the lessee, or by assignment of his interest to another, accompanied by surrender of possession, or by the working of a forfeiture of the lease for breach of its covenants, and re-entry for such breach, as provided for by the terms thereof. The surrender of the premises by Treat was conditional, and the condition was never fulfilled, nor was it in writing, as required by the statute of frauds; therefore such surrender did not operate as a dissolution of the tenancy.

As the tenancy was only terminated by the lessor's notice to quit or pay the rent, and re-entry of possession under the right reserved by the lease for breach of its covenants, the motion for judgment of nonsuit was properly denied, for the reason that there was evidence tending to show the liability of appellant for that part of the rent, at least, which had accrued up to the time of the re-entry, and the sufficiency of it was properly left to the jury.

If defendants desired to limit the recovery in any event to the amount of rent which had accrued at the time of the re-entry, it was their duty to ask the court to submit to the jury proper instructions upon that matter. Upon the record before us no error can be predicated.

We therefore recommend that the judgment appealed from be affirmed.

VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

Hearing in Bank denied.