### DICKINSON COMPANY v. ELIAS FITTERLING.

June 8, 1898.

Nos. 11,077—(168).

**Lease—What Constitutes—Contract Construed as a Lease.**

An agreement attached to the complaint herein construed as constituting a lease, and not merely an agreement for a lease.

**Same—Covenant to Pay Rent—Assumption by Third Person—Action by Landlord.**

*Held*, also, that by the agreement between D. & C. with D. Co., by the terms of which the latter assumed and agreed to perform all the covenants of a lease, including the payment of rent to the end of the term, running from D. & C. to F., to whom the rent was due and payable, F. could maintain an action on the covenant in his own name, and for his own benefit.

Appeal by Victor J. Welch, assignee of The Dickinson Company, insolvent, from an order of the district court for Hennepin county, Simpson, J., denying a motion for a new trial and refusing to set aside a decision of the court, Russell, J., allowing the claim of Elias Fitterling against the estate of the insolvent for $5,672.98 and interest. Affirmed.

*Marcus P. Hayne* and *Frank R. Hubachek*, for appellant.
*B. W. Smith* and *C. H. Rossman*, for respondent.

BUCK, J.

On the former appeal in this case, we held that the agreement attached to the complaint herein, made between Fitterling, one party, and Dickinson & Cunnington, the other party, constituted a lease, and not merely an agreement for a lease. The case is reported in 69 Minn. 162, 71 N. W. 1030. We have now before us the agreement between Dickinson & Cunnington and the Dickinson Company, by the terms of which the latter assumed and agreed to perform all the covenants of the lease, including the payment of rent to the end of the term. Under the reported decisions of this court, Fitterling, to whom the rent was due and payable, could maintain an action on this covenant in his own name and for his own benefit. This is decisive of the case, without considering the question whether the Dickinson Company was assignee of the lease or an undertenant. There is nothing in the point that the assignment to the Dickinson Company was void, because not assented to by the lessor. This condition was for the exclusive benefit of the lessor, and he could waive it.

Order affirmed.