## THE ESTATE OF CHARLES T. DOXEY *v.* SERVICE ET AL.

[No. 3,963. Filed December 17, 1902.]

LANDLORD AND TENANT.—*Gas and Oil Lease.— Construction.*—Where a gas and oil lease gave the lessees the privilege of drilling for oil or gas for a period of five years, or so long as gas or oil should be found in paying quantities, the lessees to pay $50 per annum for each well from which gas should be found in paying quantities, and one-eighth of all oil produced, and, on failure to commence operations within one year, to pay twenty-five cents per acre per annum for the land, the lessor, upon failure of lessees to commence operations, was entitled to collect his acreage rental annually. *pp. 175-178.*

SAME.—*Lease.—Execution.*—A lease signed and fully executed by the lessor, and accepted by the lessee, is binding upon the latter although not signed by him. *p. 178.*

PRINCIPAL AND SURETY.—*Partnership.—Retiring Partners.—Lease.*—Where a member of a firm purchased the interest of his partners in a gas and oil lease and assumed and agreed to pay all rentals and other obligations thereunder, and all debts of said firm, the retiring partners, in an action on the lease for rentals, were properly held to be merely sureties. *pp. 178-180.*

From Madison Circuit Court; *E. H. Bundy,* Special Judge.

Action by William A. Service against the estate of Charles T. Doxey and others to recover rentals on a gas

and oil lease.   From a judgment for plaintiff, Doxey's estate appeals.   *Affirmed.*

*J. W. Lovett* and *F. E. Holloway,* for appellant.
*Byron McMahan* and *J. A. Van Osdol,* for appellees.

WILEY, J.—The jurisdiction of this cause is in the first division, but one of the judges therein being a party appellee, and being thus disqualified, it is heard by the court in banc.

Appellee Service was plaintiff below, and brought his action against appellant and his co-appellees to recover rental on gas and oil leases.   The amended complaint was in two paragraphs, to each of which appellant addressed its separate demurrer, and which demurrer was overruled. Appellees, Hill and Henley, filed a cross-complaint against appellant, averring suretyship.   Issues were duly joined on both the complaint and cross-complaint.   Trial by the court; finding and judgment for appellee Service on his complaint, and in favor of appellees, Hill and Henley, on their cross-complaint.   Appellant's motion for a new trial was overruled.

By the assignment of errors, appellant seeks to have reviewed the overruling of its demurrer to the amended complaint, and the overruling of its motion for a new trial.   In the first paragraph of the amended complaint it is averred that on the 16th day of October, 1895, appellee Service entered into a contract in writing with Charles T. Doxey, now deceased, and appellees, Hill and Henley, under the firm name of Doxey, Hill & Co., whereby he granted and leased to said firm the exclusive right to drill for gas, oil, and water, and the right to lay, maintain, and remove lines of pipe for the conveyance of the same, upon certain described real estate; that by the terms of the contract the lessees agreed to hold said premises for such purposes only for a period of five years, or so long as gas and oil should be found in paying quantities on such leased premises; that

said lessees agreed to give the lessor one-eighth of all oil obtained, to pay all damages to crops, ditches, etc., and, in case gas should be found in paying quantities, to pay the lessor $50 per annum for each well from which gas in paying quantities should be found, and in addition to furnish the lessor gas for domestic purposes in his residence. It is also averred that the lessees agreed to commence drilling on said premises within twelve months from the date of this contract, or in lieu thereof to pay the lessor twenty-five cents per acre per annum for said land, and that the lessor duly acknowledged said lease contract before a notary public, and delivered the same to the lessees. It is also averred that the lessees paid to the lessor the cash consideration of $1, named in the lease; that they accepted said contract, and have ever since held the same, and claimed the right to exercise the privileges therein granted. It is further averred that the appellee Service has performed all the conditions imposed upon him by the terms of the lease, but that the lessees have wholly failed and refused to comply with the conditions and obligations imposed upon them, in that they have failed, refused, and neglected to drill for oil, gas, or water on said leased premises, or to begin operations thereon, and have refused to pay said sum of twenty-five cents per acre per annum, or any sum whatever; that the same is due and remains wholly unpaid; and that said contract still remains in full force and effect. The second paragraph of the amended complaint is identical with the first, except that it counts upon another lease, for other lands.

The first objection urged to the complaint is that the contract created a tenancy for five years, and hence the rent was not due until the end of the term, and, the rent not being due, the action was premature. In support of this we are cited to the cases of *Indianapolis, etc., R. Co.* v. *First Nat. Bank,* 134 Ind. 127; *Cowan* v. *Henika,* 19 Ind. App. 40; *Elmer* v. *Sand Creek Tp.,* 38 Ind. 56, and

other cases. These cases are not in point and do not support appellant.

The contract relied upon must be construed as a whole, and according to the intention of the parties if that intention is clearly expressed. The contract grants to the lessees the exclusive privilege of drilling for oil, gas, and water, and the laying of pipes for conducting the same from the premises, not only for a period of five years, but as much longer as gas and oil may be found in paying quantities. For this exclusive privilege the lessees agreed to pay the lessor one-eighth of all oil produced, and $50 per annum for each well in which gas in paying quantities should be found, and agreed to commence operations within one year. The lease also provided that in lieu of a failure to commence operations within one year, they were to pay the lessor twenty-five cents per acre per annum for said land. The complaint shows that the lessees did not drill for oil, gas, or water; that they never commenced operations under the lease, and did not pay the annual acreage rental. To hold that appellant was required to wait for a period of five years before he was entitled to recover his acreage rental, when the contract expressly provides that it should be paid annually, would be a strained construction that the law would not tolerate. Suppose that the lessees had drilled wells and had found oil and gas in paying quantities. It would be an unreasonable construction to put on the lease, to hold that the lessor was not entitled to one-eighth of the oil, or that he was not entitled to $50 per annum for each gas-well, until the expiration of five years, or as much longer as gas and oil should be found in paying quantities. And yet it would be as reasonable to put this construction upon those conditions of the lease, as that he would have to wait for his annual acreage rental until the expiration of five years. It is clear, from the terms of the contract, that the parties contemplated the payment of the well rental annu-

ally, and it is equally clear that they contemplated the acreage rental in the same manner. As this was the manifest intention of the parties, as expressed in the contract, the court will give it that construction, and, in our judgment, it will not bear any other.

It is the duty of the courts to interpret contracts according to the manifest intention of the parties. *Russell* v. *Merrifield,* 131 Ind. 148. Rights plainly given by the terms of a contract are not to be lessened or reduced by construction. *Consolidated Coal, etc., Co.* v. *Mercer,* 16 Ind. App. 504. By the terms of the contract before us, it is clear that all the parties intended that upon failure of the lessees to commence operations in one year, they were to pay to the lessor twenty-five cents per acre annually during the term of the lease.

The leases, which are made exhibits, show that while they were signed and duly acknowledged by the lessor, do not bear the signature or acknowledgment of the lessees. Upon this fact it is argued by counsel for appellant, that the leases were never executed, and hence are not binding upon it. The complaint avers that the lessor fully executed the contract; that it was accepted by the lessees; that they have ever since held it and claimed the right to exercise the privileges therein granted. Under the authorities, such a contract is binding upon the lessees, notwithstanding they did not sign it. See *Indianapolis Nat. Gas Co.* v. *Kibbey,* 135 Ind. 357; *Midland R. Co.* v. *Fisher,* 125 Ind. 19, 8 L. R. A. 604, 21 Am. St. 189; *Harlan* v. *Logansport Nat. Gas Co.,* 133 Ind. 323; *Scobey* v. *Walker,* 114 Ind. 254.

Appellant next urges as an objection to the amended complaint that it is not averred that the rental was due. This evidently is an oversight on the part of counsel, for each paragraph avers that the rental is due.

Each paragraph of the complaint was sufficient to withstand a demurrer. Appellant's motion for a new trial was

based on the following reasons:   (1) That the finding was not sustained by the evidence; (2) that the finding against appellant was contrary to law; (3) that the finding was contrary to the evidence; (4) and (5) that the finding against appellant on the cross-complaint of Hill and Henley was not sustained by the evidence, and was contrary to law; (6) that the damages are excessive.

We shall first consider the fourth and fifth reasons for a new trial.   To do this it is necessary to state the scope of the cross-complaint.   It is therein averred that Doxey, Hill & Co. were partners, and as such entered into the agreements sued on; that subsequently the cross-complainants sold all their interests in the partnership of Doxey, Hill & Co. to said Doxey, including all the right, title, claim, and interest in said leases, and all rights thereunder; that said Doxey accepted the same, and took possession of said leases and all other property of the firm, and assumed and agreed to pay all rentals and other obligations thereunder, and all debts of said firm, and to hold the cross-complainants harmless, etc., in consideration of the transfer and sale of their interests in said partnership to said Doxey; that by reason thereof they became sureties only for said Doxey.

Counsel for appellant insist that the finding that Hill and Henley were sureties for Doxey is based upon inferences, and not upon any direct or positive evidence.   An examination of the record discloses an abundance of evidence that Doxey, Hill, and Henley were partners, and took these and other leases, fully intending to develop the territory.   The evidence is also ample to sustain the averments of the cross-complaint on the proposition that Doxey purchased the interests of Hill and Henley in the partnership, and all the rights of the firm passed to Doxey under that purchase.   After the purchase of the interests of Hill and Henley in the partnership, Doxey, without consulting his former partners, undertook to procure a cancelation of the leases, and thus relieve himself from liability.   It is in evi-

dence, undisputed, that Doxey stated to a disinterested witness that he had purchased their interests, and that they no longer had any interests in the leases.

While each of the members of the firm are primarily liable to Service, we think the facts are ample to sustain the position of Hill and Henley, that, as between them and the estate of Doxey, they should be regarded as sureties. The first, second, and third reasons for a new trial may be considered together, as they all involve the sufficiency of the evidence to sustain the finding. From a careful examination of all the evidence, and considering all reasonable inferences which the trial court was authorized to draw from the facts disclosed by the record, we can not say that there was not some evidence to sustain the finding. In fact, from the entire record, our conclusion is that the evidence fairly sustains the finding, and, this being true, we can not disturb it.

Judgment affirmed.

Roby, C. J., Comstock and Robinson, JJ., concur; Henley and Black, JJ., took no part.