[S. F. No. 6202.   In Bank.—February 8, 1915.]

## LOUIS T. SAMUELS, Appellant, v. ADOLPH OTTINGER and NATE FRANKLIN, Respondents.

LEASE—OBLIGATIONS BASED ON PRIVITY OF ESTATE AND PRIVITY OF CONTRACT.—A lease has a dual character, it presents the aspect of a contract and also that of a conveyance.  Consequently the lease has two sets of rights and obligations, one comprising those growing out of the relation of landlord and tenant and said to be based on "privity of estate," and the other comprising those growing out of the express stipulations of the lease, and so said to be based on "privity of contract."  An obligation to pay rent, without an express agreement to that end, arises from mere occupancy, as tenant, of the premises.

ID.—OBLIGATION OF ORIGINAL LESSEE TO PAY RENT AFTER ASSIGNMENT—EXPRESS AGREEMENT OF LESSEE TO PAY RENT—CONSENT OF LESSOR TO ASSIGNMENT.—A lessee who has not agreed to pay rent is, by his transfer to an assignee, with the consent of the landlord, relieved of any further obligation to pay rent.  Such obligation is thereafter upon the assignee who has come into privity of estate with the landlord.  But where the lessee has expressly agreed to pay rent, his liability under his contract remains, notwithstanding an assignment with the consent of the lessor.  By "express agreement," in this connection, is meant, not merely a promise, in exact words, to pay a given sum as rental; any language necessarily importing an undertaking on the part of the lessee to pay the rent will satisfy the requirement of the rule.

ID.—CONSTRUCTION OF LEASE—PROVISIONS SHOWING EXPRESS AGREEMENT TO PAY RENT.—The lease in question was executed by the lessees as well as by the lessor.  It begins by stating that the lessor leases the premises to the lessees, for the term of ten years, at a stated monthly rental "payable in advance on the twentieth day of each and every month."  By subsequent clauses the lessees agree to pay all bills for water, gas, and electricity furnished to the premises, and all taxes on improvements to be erected by the lessees.  The privilege of subleasing is expressly given, as is permission to erect buildings, which, if they comply with certain conditions, are to be purchased by the lessor at the expiration of the term.  The lessees agree to insure the improvements, "and said insurance shall be made payable to the lessor and the lessees jointly, for the purpose of securing the said lessor in the *payment of the rents herein stipulated.*"  It was further agreed that the improvements to be erected "shall be security for the rent *herein stipulated to be paid*," and that if the lessees held over beyond the term, such holding over should be deemed merely a tenancy from month to month, "and at the same monthly rental that

CLXIX Cal.—14

shall have been *payable hereunder by said lessees* immediately prior to such holding over." *Held,* that the lease expressed a contractual obligation on the part of the lessees to pay the stipulated rent, and that such obligation continued notwithstanding the lease had been assigned with the consent of the lessor.

[D.—PROVISION FOR PAYMENT OF ATTORNEY'S FEE—FINDINGS ENTITLING LESSOR TO JUDGMENT—APPEAL.—A provision in such lease that "in case the lessor prevails in any suit against the lessees for violation of any of the covenants of this lease . . . the lessees shall be liable to the lessor for a reasonable attorney's fee in such suit, not exceeding the sum of seventy-five dollars," entitles the lessor, upon recovery of judgment against the original lessees for rent accruing after the assignment, to also have judgment for a reasonable attorney's fee, not exceeding such amount; and where, on an appeal by the lessor from a judgment in favor of such lessees, the pleadings admit that a reasonable fee was in excess of such amount, and the findings made entitle the lessor to judgment for the rent due, the judgment will be reversed with directions to enter judgment for the lessor for the rent, and also for an attorney's fee in the sum of seventy-five dollars.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Henry U. Brandenstein, Charles W. Slack, and Grover O'Connor, for Appellant.

Leon Samuels, for Respondents.

SLOSS, J.—The plaintiff appeals from a judgment in favor of the defendant. The judgment disposed of three separate actions, which, with the consent of the parties, had been consolidated for trial. The appeal is on the judgment-roll.

The actions were brought to recover installments of monthly rent accruing under a written lease of real property. The three proceedings differed only in the months for which rental was claimed.

A jury trial having been waived, the court made findings as follows: On December 20, 1906, D. Samuels Realty Company, a corporation, as lessor, leased to the defendants, as lessees, a certain lot in the city of San Francisco. A copy of the lease is set out in the answers and referred to by the findings. The term of the lease was ten years, commencing

on the twentieth day of December, 1906. The rent of the premises was one hundred and fifty dollars per month, payable in advance, for the first five years of the term, and one hundred and seventy-five dollars per month, payable in advance, for the next five years. Other provisions of the lease will be mentioned in the course of the discussion to follow.

The defendants went into possession of the premises under the lease, and paid the monthly installments of rent to and including the nineteenth day of May, 1908. On that day they sold and assigned the lease to one Altschular. The lessor was, at the same time, notified of the assignment. Altschular paid the rent for the month commencing May 20. 1908, and said payment was received and accepted by the lessor. The monthly installments of rent payable on the twentieth days of the successive months from June, 1908, to March, 1910, have not been paid. D. Samuels Realty Company, the original lessor, has conveyed the premises, and assigned its claim against the defendants, to the plaintiff.

The single question presented for decision is whether the defendants, the original lessees, are absolved from liability to pay rent by their assignment to Altschular, and the payment by Altschular to the lessor of one month's rent. The general rule of law governing the controversy is settled beyond the possibility of dispute. A lease has a dual character —it presents the aspect of a contract and also that of a conveyance. (Pollock on Contracts, 3d Am. ed., p. 531.) "Consequently the lease has two sets of rights and obligations— one comprising those growing out of the relation of landlord and tenant, and said to be based on the 'privity of estate,' and the other comprising those growing out of the express stipulations of the lease, and so said to be based on 'privity of contract.'" (Tiffany on Real Property, sec. 46.) An obligation to pay rent, without an express agreement to that end, arises from the mere occupancy, as tenant, of the premises. A lessee who has not agreed to pay rent is, by his transfer to an assignee, with the consent of the landlord, relieved of any further obligation to pay rent. Such obligation is thereafter upon the assignee who has come into "privity of estate" with the landlord. But where the lessee has expressly agreed to pay rent, his liability under his contract remains, notwithstanding an assignment with the consent of the lessor. "The lessee cannot by assigning his lease rid him-

self of liability under the covenants.'' (*Brosnan* v. *Kramer,* 135 Cal. 36, 39, [66 Pac. 979, 980].) ''The effect of the assignment is to make the lessee a surety to the lessor for the assignee, who, as between himself and the lessor, is the principal bound, whilst he is assignee, to pay the rent and perform the covenants.'' (Id; Wood on Landlord and Tenant, 2d ed., sec. 347; *Bonctti* v. *Treat,* 91 Cal. 223; [14 L. R. A. 151, 27 Pac. 612] ; *Sutliff* v. *Atwood,* 15 Ohio St. 186; *Sexton* v. *Chicago Storage Co.,* 129 Ill. 318, [16 Am. St. Rep. 274, 21 N. E. 920].)

The test of the assigning lessee's liability is, then, whether he has, in the lease, agreed to pay rent during the term. The rule of law is sometimes phrased thus: The obligation to pay rent remains on the lessee, after his assignment, when the obligation was created by his express agreement. It does not survive an assignment with the lessor's consent when the obligation is implied. By ''express agreement,'' in this connection, is meant not merely a promise, in exact words, to pay a given sum as rental; any language necessarily importing an undertaking on the part of the lessee to pay the rent will satisfy the requirement .of the rule. For the distinction to which we have referred rests on the nature of the lessee's obligation. If that obligation arises solely from the fact that he occupies the premises as tenant, if, in other words, it is based on the ''privity of estate'' alone, the assignee who succeeds to that privity becomes the party to whom the landlord must look. But if the obligation be one arising from the tenant's contract to pay rent, it is not ended by the assignment. Whether there be a contract to pay rent must depend on whether such contract is to be found in the words of the lease, giving such words a fair and reasonable interpretation. (Tiffany, on Landlord and Tenant, sec. 50.)

The lease in question was executed by the lessees, as well as by the lessor. It begins by stating that the lessor leases the premises to the lessees, for the term of ten years, at the monthly rental above stated, ''payable in advance on the twentieth day of each and every month.'' By subsequent clauses the lessees agree to pay all bills for water, gas, and electricity furnished to the premises, and all taxes on improvements to be erected by said lessees. The privilege of subleasing is expressly given, as is permission to erect buildings, which, if they comply with certain conditions, are to be

purchased by the lessor at the expiration of the term. The lessees agree to insure the improvements, "and said insurance shall be made payable to the lessor and the lessees jointly, for the purpose of securing the said lessor in the *payment of the rents herein stipulated . . .* " By another clause it is agreed that the improvements to be erected "shall be security for the rent *herein stipulated to be paid. . . .* " Finally, it is agreed that if the lessees hold over beyond the term provided in the lease, such holding over shall be deemed merely a tenancy from month to month, "and at the same monthly rental that shall have been *payable hereunder by said lessees* immediately prior to such holding over."

If it is possible to express a contractual obligation to pay rent by any form of words other than a direct promise, in exact terms, to pay such rent, the language we have quoted from the lease before us, imposes that obligation on the lessees. The lessor agrees to lease the premises to the lessees at a given rental, "payable" at stated times. The writing is signed by the lessees as well as by the lessor. Where both parties sign an agreement whereby one agrees to sell to the other a tract of land at a certain price, and to convey a good title upon payment of that price, the writing, as has been held in this court, imposes upon the vendee the obligation to buy and pay for the land, although he has not in words agreed to buy or to pay. (*Preble* v. *Abrahams,* 88 Cal. 245, [22 Am. St. Rep. 301, 26 Pac. 99] ; see, also, *King Keystone Oil Co.,* v. *San Francisco Brick Co.,* 148 Cal. 87, [82 Pac. 839].)

But beyond this, there are various other provisions in the lease plainly indicating the intention and understanding of the parties that the lessees were bound to pay the rent. Insurance is to be taken out for the purpose of securing the lessor in the "payment of the rents herein stipulated." Improvements are to be security for the rent 'herein stipulated to be paid." A holding over shall be deemed a tenancy from month to month at the same monthly rental as shall have been "payable hereunder by said lessees" prior to such holding over. We find, first, a reference to the payment of "rents herein stipulated," then a provision for security for "rent herein stipulated to be paid," and finally a clause which speaks of "rents payable hereunder by said lessees." These expressions afford a convincing showing that the parties to

the lease believed and understood that the writing embodied a "stipulation" for the payment of rents, and that it made such rents payable by the lessees. The obligation to pay rent is not implied from the relation of landlord and tenant, but is expressed by the words used by the parties in their writing.

There are decisions to the effect that a lease which merely provides for a letting upon a certain rental, "payable at the expiration of each and every year of the lease" (*Fanning* v. *Stimson,* 13 Iowa 42), or which demises the premises to the tenant, he "yielding and paying" certain rents (*Kimpton* v. *Walker,* 9 Vt. 191), creates only an implied obligation, which does not survive an assignment of the leasehold interest and acceptance of rent from the assignee. On the other hand, a contrary view has been declared in cases involving the liability of a lessee to pay rent notwithstanding the destruction of the buildings by fire. The obligation to pay rent in the event of such destruction rests upon the lessee where the lease contains a covenant on his part to pay rent during the term, and the underlying principle is therefore the same as that governing the case at bar. A covenant to pay rent was held to be expressed in a lease, signed by both parties, in which the lessor let the premises to the lessee for two years, "for $300.00 per annum, payable quarter-yearly." (*Linn* v. *Ross,* 10 Ohio 412, [36 Am. Dec. 95].) So of a lease of land with a building, "at the rent of six hundred dollars per annum, until the first day of April, 1869, and thereafter, for the term of five years, at the rate of eight hundred dollars per annum, the rent to be paid monthly." (*Bussman* v. *Ganster,* 72 Pa. St. 285.)

But if it be held that mere words of demise, "at" or "subject to" a given rental, "payable" at stated times, will not import an agreement by the lessee to pay rent, the other provisions of the lease are certainly sufficient to establish such agreement. In this aspect the case is very similar to *Consumers' Ice Co.* v. *Bixler,* 84 Md. 437, [35 Atl. 1086], where the court reached the conclusion just expressed by us.

On the facts found, the plaintiff was, therefore, entitled to recover the amount claimed as rent, with interest at the legal rate on each monthly installment from the date upon which it fell due. The appellant asks, also, that judgment be entered in his favor for attorneys' fees in the three consolidated

actions. The lease contained a provision that "in case the lessor prevails in any suit against the lessees for violation of any of the covenants of this lease . . . the lessees shall be liable to the lessor for a reasonable attorney fee in such suit, not exceeding the sum of seventy-five dollars." Each of the three complaints counts upon this clause, and alleges that "a reasonable attorney's fee in this action exceeds the said sum of seventy-five dollars." The answer in each of the actions denies, merely, that defendants "have violated any of the covenants of said lease, or that plaintiff is entitled to any attorney's fee in this action." The only finding on the subject is "that the plaintiff is not entitled to any attorney's fee in this action."

As we have seen, the plaintiff was entitled to recover for a violation of the covenant to pay rent. This being so, his right to a reasonable attorney's fee, not exceeding seventy-five dollars in each suit, necessarily followed from the express agreement of the lessees to pay such fee, in case the lessor should prevail in a suit for violation of any covenant of the lease. The only question of fact in this connection was the amount which would constitute a reasonable fee. Since there was no denial of the averment that a reasonable fee was in excess of seventy-five dollars, this question was settled by the admission of the pleadings. The finding that plaintiff is not entitled to an attorney's fee is no more than a conclusion of law, and it is a conclusion that must be held to be erroneous in view of the finding of facts showing that plaintiff was entitled to recover for a breach of the covenant of the lessees to pay rent. There can, therefore, be no obstacle to a direction on this appeal taken on the judgment-roll alone, that judgment be entered in favor of the plaintiff for the attorney's fees demanded.

The judgment is reversed, with directions to the court below to enter judgment in favor of the plaintiff as prayed in the three several complaints.

Shaw, J., Lorigan, J., Melvin, J., and Angellotti, C. J., concurred.

Rehearing denied.