[Civ. No. 2368. Second Appellate District, Division One.—October 3, 1919.]

CHARLES W. CHASE, Respondent, v. WILLIAM OEHLKE et al., Defendants; F. D. GRIFFITH et al., Appellants.

[1] LANDLORD AND TENANT—ASSIGNMENT OF LEASE—LIABILITY OF ASSIGNEES.—Where tenants hold under a mere naked assignment of the lease, their liability is, as to the landlord, limited to their occupancy of the premises and terminates with their abandonment of possession.

[2] ID.—EXPRESS COVENANT TO PAY RENT—OBLIGATIONS OF ASSIGNEES. Where, however, the assignees by express terms in writing covenant and agree to pay the rent reserved in the lease, it presents two sets of obligations and rights: one comprising those due to the

---

1. Assignment of lease, notes, 10 Am. St. Rep. 557; 15 L. R. A. 754.

relation of landlord and tenant based upon privity of estate, and the other due to privity of contract by the terms of which the obligation of assignees of the lease is to be measured.

[3] ID.—REPUDIATION OF LEASE BY ASSIGNEES—RIGHT OF LESSOR TO SUE—PARTIES.—Where the assignees of a lease have upon sufficient consideration assumed and agreed to pay the rent, their obligation is identical with that of the original lessee upon his express covenant so to do, and when they repudiate the lease and abandon the premises, the lessor is entitled to stand upon the terms of the contract made with the lessee and his assigns for the lessor's benefit and sue thereon to recover the rent which they agreed to pay, in the same manner and to the same extent as though they had been the original obligors under the terms of the lease, regardless of whether or not the lessor was a party to the assignment contract.

[4] ID.—ABANDONMENT OF PREMISES BY TENANT—RELEASE FROM FURTHER LIABILITY.—The rule that where a tenant abandons leased property and repudiates the lease, if the landlord takes unqualified possession thereof, the tenant, upon the theory of a rescission, is released from further liability, is not applicable where the tenant repudiates the lease and abandons the demised premises and the landlord, without taking unqualified possession of the premises, endeavors, without success, to obtain a new tenant.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. A. Miller for Appellants.

Charles W. Chase, *in pro. per.*, for Respondent.

SHAW, J.—This action to recover rent under the terms of a written lease and covenants of the assignments thereof arose out of the following facts: On February 1, 1913, plaintiff executed to one William Oehlke a lease to certain premises for the terms of two years at a specified rental. Oehlke assigned the lease to J. F. Petell, by whom it was assigned to F. D. Griffith, who in turn assigned the same to defendant Ella Swickard, and in each case the assignee agreed in writing to carry out and fulfill the terms of the lease in the place

---

4. Remedy of landlord upon abandonment of premises by tenant, note, 13 L. R. A. (N. S.) 398.

and stead of his assignor, all of which facts were set forth in the complaint, which also alleged that the rent reserved in said lease was fully paid up to and including the month of March, 1914, at which time defendant Swickard, as the last assignee of the lease, was in possession of the premises, and "that about the latter part of the month of March, A. D. 1914, the defendant Swickard abandoned and left said demised premises and removed therefrom and repudiated said lease and refused then and always thereafter to be bound by the same, and refused to be bound by any of the terms thereof, all of which was without the consent and against the wishes of the plaintiff," who did not at any time terminate said lease nor exercise any right or option to terminate the same, which allegations, since not denied, must be deemed, as found by the court, to be true.

The appeal is by defendants Griffith and Swickard, against whom judgment was rendered for the balance of the rent due from March 31st to the end of the term specified in the lease.

[1] Appellants' first contention is that, as assignees of the lease, their liability as tenants of the property was, as to the landlord, limited to their occupancy of the same and terminated with their abandonment of possession. This is true where the tenant holds under a mere naked assignment of the lease, since the sole basis of his obligation is what is termed the privity of estate (Civ. Code, sec. 822; *Samuels* v. *Ottinger*, 169 Cal. 209, [Ann. Cas. 1916E, 830, 146 Pac. 638]; *Carter* v. *Hammett*, 18 Barb. (N. Y.) 608; *Bonetti* v. *Treat*, 91 Cal. 226, [14 L. R. A. 151, 27 Pac. 612]), under which the liability grows out of the relation of landlord and tenant. [2] Where, however, as in the instant case, the assignees by express terms in writing covenant and agree to pay the rent reserved in the lease, it presents two sets of obligations and rights: one comprising those due to the relation of landlord and tenant based upon privity of estate, and the other due to privity of contract by the terms of which the obligation of assignees of the lease is to be measured. (*Samuels* v. *Ottinger, supra; Brosnan* v. *Kramer*, 135 Cal. 39, [66 Pac. 979]; Tiffany on Landlord and Tenant, sec. 181; 18 Am. & Eng. Ency. of Law, 675.) [3] As stated, the action is based upon the covenants made by the appellants—the consideration therefor being the transfer of the lease—to pay the rent

reserved therein. The contract was for the benefit of the lessor and, regardless of whether or not he was a party to the transfer, he was entitled to maintain an action thereon. (Tiffany on Landlord and Tenant, sec. 158; Civ. Code, sec. 1559.) Appellants having upon sufficient consideration assumed and agreed to pay the rent, their obligation is identical with that of the original lessee upon his express covenants so to do, and when they, as alleged and found, repudiated the lease and abandoned the premises, the plaintiff was entitled to stand upon the terms of the contract made with the lessee and his assigns for the lessor's benefit and sue thereon to recover the rent which they had agreed to pay, in the same manner and to the same extent as though they had been the original obligors under the terms of the lease. The error of appellants' counsel is due to the fact that he assumes the action to be based upon the relation of landlord and tenant, rather than upon express covenants.

[4] It is next contended that where a tenant abandons leased property and repudiates the lease, if the landlord takes unqualified possession thereof, the tenant, upon the theory of a rescission, is released from further liability, in support of which may be cited *Baker* v. *Eilers Music Co.*, 26 Cal. App. 371, [146 Pac. 1056], and *Rehkopf* v. *Wirz*, 31 Cal. App. 695, [161 Pac. 285]. The principle announced in those cases, however, is not applicable to the facts in the case at bar, for while, as heretofore stated, plaintiff alleged a repudiation of the lease and abandonment of the demised premises, for which, without success, he tried to obtain a tenant, it is neither alleged in the answer nor found by the court that plaintiff, as in the cases cited, took unqualified possession or any possession of the premises so leased. No such issue was involved in the case. There is no merit in the claim that under the terms of the lease the tenant was given the option to cancel and terminate the lease by an actual surrender of possession and payment of rents due or to become due from the subletting of a part of the property.

As appears from the record, the appellants, in consideration of an assignment of the lease, covenanted and agreed to pay the rent accruing thereunder from the date of such assignment, which covenant they repudiated by refusing to pay the rent, and abandoned the leased premises. Whereupon plaintiff, without any allegation or finding that he took pos-

session of the premises, or rented them to another, brought suit upon the contract to recover the rent, for which judgment was properly rendered against appellants.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.