[Civ. No. 2531. Second Appellate District, Division One.—January 12, 1920.]

## JOHN LOPIZICH et al., Appellants, v. CHARLES E. SALTER et al., Respondents.

[1] LANDLORD AND TENANT—ASSESSMENT OF LEASE—ENTRY INTO POSSESSION AND PAYMENT OF RENT—FAILURE OF ASSIGNEE TO SIGN IMMATERIAL.—An assignment of lease which recites that the assignee "hereby accepts said assignment and hereby obligates itself upon said lease" from and after a given date, signed by the lessee and under which the assignee, without signing, enters into possession of the demised premises and pays the rent in accordance with the terms thereof, has the same binding force and effect as though the assignee had signed the same.

[2] ID.—AGREEMENT OF ASSIGNEE TO PAY RENT—LIABILITY TO LANDLORD—EFFECT OF SUBSEQUENT ASSIGNMENT.—Where the assignee of a lease expressly covenants to pay the rent reserved in the lease, its obligation as to the landlord is identical with that of the original lessee, and it cannot relieve itself of that liability by merely assigning the lease to another.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

2. Liability for rent as affected by assignment or sublease by tenant, note, Ann. Cas. 1916E, 788, 832, 837, 842, 844.

Liability of assignee of lease for rent, note, 52 L. R. A. (N. S.) 978.

Robert. A. Todd for ·Appellants.

Edw. F. Wehrle and Victor T. Watkins for Respondents.

SHAW, J.—Action brought to recover certain install-
ments of rent alleged to be due plaintiffs from defendants
under the terms of a lease and an assignment thereof, both
made in writing.

The court found, in substance, that on April 4, 1912,
R. H. Howell and C. T. Crowell, by written lease, let and
demised to Charles E. Salter the premises therein described
for a term of five years, at a monthly rental of $225, and
that the rent for the months of September, October, and
November, 1915, remained due and unpaid; that on Feb-
ruary 4, 1913, plaintiffs succeeded to all right, title, and
interest of the lessors in and to said lease; that under
the terms of the lease the lessee named therein entered into
possession  of the demised premises and continued to occupy
the same and pay the rent until about November 1, 1913, at
which time he, with the written consent of plaintiffs, as
required by the terms of the lease, transferred the same to
defendant Maier Brewing Company by an instrument in
writing, as follows: "For a valuable consideration, the un-
dersigned lessee named in the foregoing lease, does hereby
sell, assign and transfer the same to Maier Brewing Com-
pany, a corporation, and the said Maier Brewing Company
hereby accepts said assignment, and hereby obligates itself
upon said lease from and after November 1st, 1913," which
said instrument was duly subscribed by Salter and, with
the lease, delivered to Maier Brewing Company, as assignee
named therein, which, without causing its name to be sub-
scribed thereto, accepted the same and thereupon entered
into the possession and occupation of the premises and con-
tinued in possession and occupation thereof under said as-
signment until the thirty-first day of August, 1915, at which
time, it having paid to plaintiffs all rent accruing to and in-
cluding said date, sold, assigned, and transferred all its
right, title, and interest in the lease to Ed Schultz, to whom
it surrendered possession of the premises, and at the same
time notified plaintiffs that the said Maier Brewing Com-
pany disclaimed all liability for the payment of any further
rental under the terms of said lease which had been so trans-

ferred to it, and thereupon vacated the premises. As conclusions of law, based upon these findings, the court found that the plaintiffs were not entitled to recover anything from the Maier Brewing Company, in favor of which judgment followed, and from which plaintiffs prosecute this appeal.

[1] Upon the facts found, the validity of the assignment is unaffected by the failure of the Maier Brewing Company to cause its name to be affixed thereto. By the express terms of the instrument transferring the lease, acceptance of which was manifested by defendant's act in entering into possession of the premises and for a year and a half complying with its covenants, it obligated itself to pay the rent, commencing with November 1, 1913, to the end of the term. This covenant on the part of defendant constituted the consideration not only for the assignment made, but for the consent thereto given by the lessors. It could not, in thus accepting the lease, appropriate to itself the benefits thereof and repudiate the burden attached to the transfer. In the case of a lease signed by the lessor under which, without signing, the lessee enters into possession of the demised premises and pays the rent in accordance with the terms thereof, it is of the same binding force and effect as though the lessee had signed the same. (*Castro* v. *Gaffey,* 96 Cal. 421, [31 Pac. 363].) And in *Dodd* v. *Pasch,* 5 Cal. App. 686, [91 Pac. 166], it is said: "In the case at bar, defendants, by paying the rent and entering into possession of the premises, accepted the lease. It was not necessary for the lessee to sign the lease." To the same effect is *Doxey's Estate* v. *Service et al.,* 30 Ind. App. 174, [65 N. E. 757]; and *State Board* v. *Carpenter,* 16 Colo. App. 436, [66 Pac. 165]. That, by reason of the defendant's acts, so found by the court, the assignment must be deemed of the same binding force upon defendant as though it had signed the instrument, to our minds, admits of no doubt; indeed, such contention on the part of appellants is not made the subject of serious controversy by respondent.

[2] The ground upon which respondent insists on an affirmance of the judgment is that, as such assignee of the lease, defendant's liability was, as to the landlord, limited to the time during which it occupied the premises as tenant,

and terminated with its reassignment of the lease and abandonment of possession. As said by this court in *Chase* v. *Oehlke et al.*, 43 Cal. App. 435, [185 Pac. 425] : ''This is true where the tenant holds under a mere naked assignment of the lease, since the sole basis of his obligation is what is termed the privity of estate.'' (Civ. Code, sec. 822; *Samuels* v. *Ottinger*, 169 Cal. 209, [Ann. Cas. 1916E, 830, 146 Pac. 638].) But in that case, in discussing a question identical with the one here presented, we said: ''Where, however, as in the instant case, the assignees by express terms in writing covenant and agree to pay the rent reserved in the lease, it presents two sets of obligations and rights: one comprising those due to the relation of landlord and tenant based upon privity of estate, and the other due to privity of contract by the terms of which the obligation of assignees of the lease is to be measured.'' (*Samuels* v. *Ottinger, supra;* Tiffany on Landlord and Tenant, sec. 181; 18 Am. & Eng. Ency. of Law, 675; *Springer* v. *De Wolf,* 194 Ill. 218, [88 Am. St. Rep. 155, 56 L. R. A. 465, 62 N. E. 542].) Quoting further from the same case language which is pertinent here: ''The contract was for the benefit of the lessor and, regardless of whether or not he was a party to the transfer, he was entitled to maintain an action thereon.'' (Tiffany on Landlord and Tenant, sec. 158; Civ. Code, sec. 1559; *Williams* v. *Naftzger*, 103 Cal. 440, [37 Pac. 411] ; *Hopkins* v. *Warner*, 109 Cal. 133, [41 Pac. 868].) The transfer of the lease and the landlord's consent thereto was the consideration for defendant's assumption of the obligation to pay the rent for the balance of the term, and its obligation as to the landlord is identical with that of the original lessee. This being true, it follows that defendant's act in assigning the lease to another could not terminate the contract or relieve it from the liability thereby assumed. (*Wilson* v. *Lunt*, 11 Colo. App. 56, [52 Pac. 296] ; *Consumers Ice Co.*, v. *Bixler*, 84 Md. 437, [35 Atl. 1086] ; *Dickinson Co.* v. *Fitterling*, 72 Minn. 483, [75 N. W. 731].) Upon default being made in the payment of the rent, plaintiffs were entitled to stand upon the terms of the lease and the contract made between the lessee and his assignee for the lessor's benefit, and sue both parties to recover the rent which they had agreed to pay, in the same manner and to the same extent as though both parties

were the original obligors under the terms of the lease. The error of counsel for respondent is due to the fact that he assumes the action to be based upon privity of estate alone, arising from the relation of landlord and tenant, rather than upon express covenants.

In support of the affirmance of the judgment, respondent cites the cases of *Bonetti* v. *Treat,* 91 Cal. 223, [14 L. R. A. 151, 27 Pac. 612], and *Baker* v. *Maier & Zobolein Brewery,* 140 Cal. 530, [74 Pac. 22]. In the first of these cases, one Porter, as assignee of a lease, was sued and a judgment against him affirmed, upon the ground that he was in possession of the premises and hence, by privity of estate, liable for the rent. Assuming that language is used in the opinion which might be construed in support of respondent's contentions, it was not necessary to the decision. The facts in the second case are entirely different from those in the instant case and nothing therein is helpful in the determination of the question involved.

From the foregoing it follows that the judgment as to the Maier Brewing Company should be and is reversed, and the trial court is directed to enter judgment upon the findings against said defendant as prayed for in the complaint.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 11, 1920.

All the Justices concurred.