[Civ. No. 5867. Second Appellate District, Division Two.—April 18, 1930.]

MORRIS SAKS et al., Respondents, v. KNAPP INVESTMENT COMPANY (a Corporation), Appellant.

Dudley Robinson for Appellant.

C. W. Hall for Respondents.

THOMPSON (IRA F.), J.—The plaintiffs are the owners in fee of a certain apartment house in the city of Los Angeles, which, by an agreement in writing dated May 17, 1923, they leased to Abraham Spiegelman and Frank Soronow for a period of ten years at a monthly rental of $1728. This lease was transferred several times and finally assigned to the defendant and appellant. This last transfer came about in the following manner: On January 31, 1925, N. M. Eastman, who was the assignee of Spiegelman, assigned to H. Tyler and Mary R. Tyler, his wife, and at the same time entered into a contract of conditional sale to the Tylers of the furniture and fixtures, the assignment providing that it did not "become effective until after all obligations had been complied with by vendees as expressed in said sale contract." Evidencing the purchase price of the furniture the Tylers executed two promissory notes and delivered them to Eastman, one in the sum of $32,000 and the other for $8,000. On February 3, 1925, Eastman sold the larger note to one Baumgarten, transferring at the same time his interest in the conditional sale contract, "together with all leasehold rights to said premises." Baumgarten, in turn, transferred the note, contract and leasehold rights to the appellant. In the month of July, 1925, the Tylers became delinquent and apparently abandoned the premises after action was started to recover the rental due and the appellant took possession, evicting a woman who had been put in charge by a man named Jack Phillips. Thereafter, and after considerable negotiation with the lessors and their attorney, the former agreed on August 20, 1925, in writing, to recognize the appellant as the tenant in possession "unless the court should decide differently," and also agreed to reduce the rental in the sum of $216 per month, which sum was designated as an allowance for the superintendency of the building. The rental due was adjusted and paid to September 1, 1925, and the appellant continued in possession, paying at the rate of $1512 per month until January 1, 1926. For the month of January, February, March, April and May the appellant

paid only $1296 per month, there being at the time negotiations pending for a further reduction of the rental to that figure, which attempt, however, did not culminate in an agreement. On July 16th, therefore, when the notice to pay rent or quit was served on appellant it was in default in the sum of $216 per month for five months and $1512 for two months. Judgment was given by the trial court for this amount plus the rental falling due thereafter and prior to the trial of the action. The defendant prosecutes this appeal from the judgment.

█ It is insisted that there should be a reversal because (1) the Tylers are still the lessees by direct agreement with the plaintiffs; (2) the assignment by Eastman was as collateral only; (3) this assignment by Eastman was void for the reason that both notes were not transferred, and (4) the assignment to the appellant was as security only and was, therefore, void. There are other points to be discussed, but we think these four may be disposed of as one argument. As between the various assignees and the appellant in an appropriate proceeding the contentions presented to us might be entitled to serious consideration, and undoubtedly that is the reason the lessors in one of the letters of August 20, 1925, when agreeing to recognize appellant as lessee, said: ''and will hereafter consider you as such unless the court should decide differently,'' and in another part of the same letter, ''In other words, it is understood you are possessed of all the rights and benefits and have accepted the responsibilities of said lease, the same as if a new lease had been executed by us directly to you. We hereby waive any and all question as to any irregularities or insufficiencies of the assignment of said lease heretofore made.'' Claiming under the assignment, acting under the assignment, receiving the benefits of the claim asserted thereunder, and receiving a reduction of the rent, the appellant is not in a position to urge here those contentions which properly belong to a contest between other parties.

█ The fifth reason assigned by counsel for appellant why the judgment should be reversed is very similar to those already mentioned. It is that the appellant did not take or hold possession of the premises under or by virtue of the lease. This argument also comes with poor grace from the appellant, who entered the building under claim of right—

that of being the assignee of the lease. It was not necessary for it to take possession of the realty in order to recover possession of the furniture. It could very well have removed the personalty if that were all it sought. But it saw fit to assert its rights to the lease, the title to which had never passed to the Tylers because of their failure to comply with the terms of the conditional sales contract. On August 20th, when the lessors finally agreed to recognize the claim advanced by the appellant, the latter paid the back rent, amounting to $6,184, took advantage of the reduction granted and in general comported itself as the legitimate assignee. Under these circumstances *Lopizich* v. *Salter,* 45 Cal. App. 466 [187 Pac. 1075], and the cases therein cited, are conclusive of the assigned error. It is there said: ''This covenant on the part of defendant constituted the consideration not only for the assignment made, but for the consent thereto given by the lessors. It could not, in thus accepting the lease, appropriate to itself the benefits thereof and repudiate the burden attached to the transfer. In the case of a lease signed by the lessor under which, without signing, the lessee enters into possession of the demised premises and pays the rent in accordance with the terms thereof, it is of the same binding force and effect as though the lessee had signed the same.''

But one question remains. Was the notice to pay rent or quit sufficient? It is asserted that the amount set forth in the notice, to wit, $4,104, was excessive in the sum of $292.95. In this particular it is sufficient to say, as we have already indicated in our statement of the facts, that there was testimony sufficient to warrant the court in finding, as it did, that there was $1080 due for the months of January, February, March, April and May, and $3,024, from May 26th to July 25th.

Judgment affirmed.

Craig, Acting P. J., and Norton, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 17, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 16, 1930.