[Civ. No. 2050.    Second Appellate District.—March 28, 1917.]

E. C. EDDIE, Respondent, v. GAGE MANUFACTURING COMPANY (a Corporation), et al., Defendants; C. E. McCLAY, Appellant.

Landlord and Tenant—Assignment of Lease—Consent of Landlord —Liability of Assignors for Rents.—Written consent given to an assignment of a lease does not have the effect of releasing the lessees from their obligation to pay the rent reserved in the lease, where the assignment imposed no obligation on the assignees to pay the rent, and the consent was conditioned upon the assignees complying with the terms of the lease without any release of the assignors.

Id.—Recovery of Rents — Evidence — Oral Agreement to Release Lessee.—In an action against the lessees to recover the rents, evidence is inadmissible that the plaintiff orally agreed to release the defendants.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Hyman Schwartz, for Appellant.

T. C. Gould, for Respondent.

SHAW, J.—In this action plaintiff sought a recovery of money alleged to be due under the terms of a lease of real estate made by him to defendants McClay, Gage, Freeman, Lloyd and Gage Manufacturing Company, a corporation, who thereafter by assignment transferred the same to the Union Car Company, a corporation. Judgment went for plaintiff, from which, and an order denying his motion for new trial, C. E. McClay alone appeals.

The instrument whereby the transfer was effected was a naked assignment and did not purport to impose any obligation upon the assignee to pay the rent reserved in the lease. Indorsed thereon and signed by plaintiff, was an instrument in writing as follows: "I hereby consent to the transfer of a certain lease on 683 Antonio St., from Jay Gage, C. E. McClay, O. E. Freeman, and C. T. Lloyd to Union Car Co., a

corporation, provided that said Union Car Co. complies with all the legal formalities through its board of directors, . . . in accepting this transfer and agreeing to comply with the terms of said lease. . . . '' While, as shown by the record, the assignee adopted a resolution accepting the assignment of the lease, it made no promise whatever to pay any rent thereunder, nor in any manner whatsoever agreed to comply with the terms of the lease. Under these circumstances, the court properly found this consent to the transfer of the leasehold estate did not release the defendants from their obligation upon the covenant to pay the rent. Indeed, had the consent been unconditional, or had the assignee complied with the conditions so exacted, the finding would not have been subject to attack upon the record here presented. (*Bonetti v. Treat,* 91 Cal. 223, [14 L. R. A. 151, 27 Pac. 612] ; *Brosnan v. Kramer,* 135 Cal. 36, [66 Pac. 979] ; 24 Cyc., p. 1177.)

Neither, since it would have violated a fundamental rule of evidence, did the court err in refusing to permit defendants to introduce evidence tending to show that plaintiff orally agreed to release appellant and his colessees from any and all liability upon their covenant to pay the rent reserved in the lease.

There is no ground upon which to base the claim of a surrender to the lessor of the leasehold estate by operation of law. As we have seen, the consent made by plaintiff to the assignment was not only upon conditions never complied with by the assignee, and who, as disclosed by the record, never paid any rent to plaintiff, but it did not purport to constitute a release of defendants. No facts whatsoever are made to appear which tend in the slightest degree, by implication or otherwise, to show an intent on the part of the lessor to accept a surrender of the lease. On the contrary, so far as shown, plaintiff looked to appellant and his colessees for the payment of rent and compliance with its terms.

We are unable to perceive any merit in the appeal, and the judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.