[Civ. No. 15578.   Second Dist., Div. One.   Apr. 24, 1947.]

STANDARD FIREPROOF BUILDING COMPANY (a Corporation) et al., Plaintiffs and Respondents, v. HARRY B. CARPENTER et al., Defendants; HARRY B. CARPENTER et al., Appellants; THE ATTORNEY GENERAL, Defendant and Respondent.

Tanner, Odell & Taft for Appellants.

Cruickshank, Brooke, Dunlap & Ross for Plaintiffs and Respondents.

Robert W. Kenny, Attorney General, in pro. per., and Bayard Rhone, Deputy Attorney General, for Defendant and Respondent.

DRAPEAU, J. pro tem.—In 1912, the then owner of valuable business property on West Seventh Street in the city of Los Angeles leased it for the term of 99 years. In this action the present lessee, successor to the original lessee, seeks authorization to assign the lease to a trustee.

To understand the situation, it is necessary to set forth some of the history of the lease. The plaintiff, Standard Fireproof Building Company, a corporation, is the present owner of the

lessee's interest. This is a bare legal title, the corporation being required to pay to a charitable trust all of the lessee's income from the lease, after payment of the reserved rental to the lessors. And this lease is the only property owned by the corporation.

As time has gone on, the net income payable to the trust has been materially diminished because of ever increasing payments by the corporation of franchise, income, and capital stock taxes, and expenses of its operation.

Being a mere conduit for the payment of lessee's share of the earnings of the leased property, as a practical matter it is highly desirable in the interest of the trust to eliminate the corporation. This the plaintiff proposed to do by conveying the leasehold interest to the trustee. By so doing, moneys devoted to charitable purposes will go to the trust, without diminution. This was unquestionably the thought in the mind of the trial judge in finding and adjudging that the lease be assigned to the trustee.

Appellants point out, however, that the lease requires that every assignee must covenant to assume all of the conditions of the lease. One of these is payment of the rent. It is a possibility that during the term of the lease the lessee may be required to pay the rent even though there are no earnings of the property to be used for that purpose.

The lease contains an express covenant on the part of the lessee to pay rent. In the absence of any provision in the lease to the contrary, the original lessee and each succeeding lessee who assumed its obligations would remain in privity of contract and be liable as sureties in the event the current assignee failed to perform any obligation under the terms of the lease. (*Samuels* v. *Ottinger*, 169 Cal. 209 [146 P. 638, Ann.Cas. 1916E 830]; *Winter* v. *Knapp*, 90 Cal.App. 75 [265 P. 527].) But the lease also contains an agreement that upon assignment thereof and assumption of all of its obligations by each succeeding assignee, the obligations of assignors thereunder shall cease and determine.

We must therefore look to the trust, its terms and powers, and its assets, to determine whether the trustee may lawfully assume the obligations of the lease. The corpus of the trust estate consists only of the capital stock of Standard Fireproof Building Company, and the obligation of the company to make the payments described. The declaration of trust contains the usual clause absolving the trustee from any liability beyond the income or corpus of the trust property.

Therefore, the effect of a decree directing the proposed transfer would be to nullify the clause in. the lease requiring assumption of its obligations whenever assignment is made. This is so because no assignment may be made except upon condition that the assignee assume and agree to perform all of the conditions of the lease. There being no assets in the trust estate to pay rent, in the event the leased property fails to earn enough to do so, the lessors would be deprived of the right to collect rent in any event. (See *Bank of America* v. *Moore,* 18 Cal.App.2d 522 [64 P.2d 460].)

We are not unmindful of the fact that the present relationship of the lessor and lessee differs in no respect from that which would exist if the assignment were made to the trustee, because the corporation has no assets other than its ownership of the leasehold interest. However, this situation was not the result of judicial decree. Under the facts of this case, the judgment of the trial court assumes a power to impair the obligation of a contract, and may not stand.

The judgment is reversed.

York, P. J., and White, J., concurred.